GEORGE W. PATTERSON, Jr., Respondent, v. HENRY H. BIRDSALL et al., Appellants.

A valid and subsisting obligation is not destroyed because included in a security or made the subject of a contract void for usury; although formally satisfied and discharged it may be revived and enforced in ca-e the new security or contract is invalidated.

Plaintiff and H., being the owners of a mortgage upon defendants' premises, and having obtained judgment of foreclosure and sale thereon, agreed with defendants to bid in the premises, advance money to pay off a prior mortgage and to convey to defendant R. E. B., defendants to execute a new bond and mortgage to them; the

agreement was carried out. H. assigned his interest in the new bond and mortgage to plaintiff. Subsequently these were adjudged void for usury. In an action brought by plaintiff to be subrogated to the rights of the prior mortgagee and to foreclose the prior mortgage *held,* that plaintiff and H., as junior incumbrancers, had, at the time of the usurious·agreement, the right to pay the prior mortgage and to be subrogated; that this right was not destroyed by reason of entering into said agreement; but they were equitably entitled to the same benefits of the redemption as if made without such agreement, and by paying the debt they became entitled to a cession of the debt and a subrogation to all the rights of the mortgagee; and that the mortgage was to be regarded, as against the mortgagors, as still existing and uncanceled.

Argued February 16, 1876; decided February 25, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of plaintiff, entered upon the decision of the court at Special Term. (Reported below, 6 Hun., 632.)

This action was brought to enforce an alleged right of plaintiff, as junior mortgagee, to be subrogated to the rights of a prior mortgagee, under a mortgage executed by defendants.

The facts found by the court are substantially as follows :

On the 30th October, 1857, the plaintiff and John N. Hungerford held a judgment of foreclosure and sale which they had recovered in an action brought in this court against the defendants herein, who are husband and wife, to foreclose a mortgage executed by them upon lands in which the husband had an estate as tenant by the curtesy, and the wife had the fee by reversion. The premises were subject to a prior mortgage, executed by the defendants to Brundage Tompkins. On said 30th October, 1857, the plaintiff and Hungerford, being about to sell the premises under their judgment, and the defendants having applied to them for further time, it was agreed between the parties that plaintiff and Hungerford should put up the property for sale under their judgment, bid it in and convey it to the defendant Mrs. Birdsall, that they should also advance the money and pay the Tompkins mortgage, and that the defendants should execute to the plaintiff and Hungerford a bond and mortgage on the same

premises, to secure the amount of their judgment, the cost and expenses of the sale, the amount of the Tompkins mortgage, and $1,000 in addition. This agreement was carried out. The Tompkins mortgage was satisfied, and with the bond and satisfaction-piece were delivered to plaintiff and Hungerford; the latter sold and assigned his interest to plaintiff. In an action subsequently brought by defendants against plaintiff the new bond and mortgage were declared void for usury. (See 51 N. Y., 43.)

As conclusions of law the court found that plaintiff was entitled to a judgment subrogating him to the rights of Tompkins under his mortgage canceling the satisfaction-piece and declaring the mortgage a valid and subsisting lien, and to the usual judgment of foreclosure and sale.

*Geo. B. Bradley* for the appellants. Plaintiff could not enforce the Tompkins mortgage as a valid, subsisting lien in his favor on the premises. (*Rice* v. *Welling*, 5 Wend., 595, 598; *Kellogg* v. *Adams*, 39 N. Y., 28; *Winsted Bk.* v. *Webb*, id., 325; *Dewitt* v. *Brisbane*, 16 id., 508; *Schroeppel* v. *Corning*, 5 Den., 236.) Plaintiff had no right of subrogation. (*Ellsworth* v. *Lockwood*, 42 N. Y., 96; *Dauchy* v. *Bennett*, 7 How., 375; *Jenkins* v. *Cont. Ins. Co.*, 12 id., 66–69; 5 Wend., 598, 599; 37 N. Y., 353; 39 id., 325.)

*Geo. T. Spencer* for the respondent. Plaintiff was entitled to be subrogated to all the rights of the mortgagee. (*McLean* v. *Tompkins*, 18 Abb. Pr., 24; *Tompkins* v. *Seely*, 29 Barb., 212; *Pardee* v. *Van Aukin*, 3 id., 534; *Dauchy* v. *Bennett*, 7 How. Pr., 375; *Jenkins* v. *Cont. Ins. Co.*, 12 id., 66; *Averill* v. *Taylor*, 8 N. Y., 44; *Ellsworth* v. *Lockwood*, 42 id., 89, 96, 97; *Barnard* v. *Cooper*, 10 id., 96, 356; *S. L. Bk.* v. *G. North*, 4 J. Ch., 370; 2 Story's Eq. Jur., §§ 1023, 1024; 2 Barb. Ch. Pr., 164; *McLean* v. *Towle*, 3 Sandf. Ch., 117; *Marsh* v. *Pike*, 10 Paige, 395, 398; 1 Domat, 1784, p. 699; *Mad. Av. Bap. Ch.* v. *Bap. Ch. in O. St.*, 2 Robt., 642; *Robinson* v. *Ryan*, 25 N. Y., 320; *Gerwig* v. *Sitterly*, 94 Barb.,

620 ; 56 N. Y., 214 ; 1 Domat, 1802, p. 704.) This right was not impaired or affected by the alleged usury which was the subject of the former litigation. (*Cook* v. *Barnes*, 36 N. Y., 520 ; *La Farge* v. *Herter*, 5 Seld., 241 ; *Rice* v. *Welling*, 5 Wend., 596 ; *McCramy* v. *Alden*, 46 Barb., 472 ; *Adams* v. *Kellogg*, 39 N. Y., 28 ; 64 Barb., 620, 626 ; 56 N. Y., 214 ; *Gates* v. *Preston*, 41 id., 113 ; *Stackpole* v. *Robbins*, 48 id., 665 ; *Newton* v. *Hook*, id., 676 ; *Embury* v. *Conner*, 3 id., 511, 512 ; *People* v. *Johnson*, 38 id., 63, 65 ; *F. and M. Bk.* v. *Joslyn*, 37 id., 353, 355 ; *Robinson* v. *Stewart*, 10 id., 189, 197 ; *Worford* v. *Davis*, 28 id., 481, 484.)

ALLEN, J. The form which the parties have seen fit to give the transaction, brought under review by this appeal, cannot be ignored, when to do so would be a perversion of justice and against equity and good conscience. The transaction was in substance, as it was in form, so far as the mortgage sought to be enforced by the plaintiff is concerned, an advance of money to the mortgagee in redemption and discharge of the mortgage, and to relieve the premises from the incumbrance in favor and for the benefit of junior incumbrances held by the plaintiff. It was not a loan of money to the defendants, and was not so regarded by the parties. The intent was not to release the mortgage debt or relieve the premises from the incumbrance, but to continue the same in a new form and to extend the time of payment. The statutes against usury render void all contracts and securities which are the outgrowth of or depend for their support and consideration upon agreements which are usurious. (Laws of 1837, chap. 430.) Obligations and securities having an independent existence, and untainted by usury, are not affected by the statute, although they are the subjects of contracts tainted with the vice of usury.

A valid and subsisting debt is not destroyed because included in a security or made the subject of a contract void or invalid, either because violative of the statutes against usury, or for any other reason. Although formally satisfied

and discharged, and the security surrendered, it may be revived and enforced in case the new security is invalidated and avoided. (*Rice* v. *Welling*, 5 Wend. 595; *Cook* v. *Barnes*, 36 N. Y., 520; *Robinson* v. *Stuart*, 6 Seld., 189; *Farmers and Mechanics' Bank of Genesee* v. *Joslyn*, 37 N. Y., 353; *Winsted Bank* v. *Webb*, 39 id., 325; *Gerwig* v. *Sitterly*, 56 id., 214.) Within the principle established by the authorities quoted, had the plaintiff, at the time of consummating the usurious agreement, been the holder of the bond and mortgage in suit, and canceled and surrendered the same, in pursuance of the agreement, it would have been revived upon the annulling of the usurious agreement and security, and he could have enforced the same, subject to any intervening equities of third persons that might have come into existence. The debt would not have been extinguished, the substituted contract being void. The defendants could not have availed themselves of the substituted invalid contract as a shield from liability upon the valid obligation. The case is not different in principle, for the reason that instead of satisfying a valid obligation held by himself, he has procured satisfaction by payment of an obligation held by a third person. The debt has not been paid by the debtor, nor released or extinguished, except as it has been included in a new and invalid security, and in equity as well as at law the debt revives in favor of the party who is the equitable owner and entitled to the benefit of it. (*Gerwig* v. *Sitterly*, *supra*.) Full effect should be given to the statutes against usury, but nice distinctions should not be favored for the purpose of extending the penalties to cases not within the spirit of the act. In *Dewitt* v. *Brisbane* (16 N. Y., 508), and *Schroeppel* v. *Corning* (5 Denio, 236), referred to by the counsel for the appellant, the assignments of the securities, and not the securities themselves, were held invalid.

The plaintiff, as a junior incumbrancer of the mortgaged premises, had a right to pay the mortgage and to be subrogated, either by assignment or by act and operation of law, to the rights of the mortgagee; and his act in paying was not

necessarily the result of the usurious agreement with the defendants. His rights would have been the same had that agreement not been made, and cannot be held to have been destroyed by reason of his entering into that contract. Equity will give him the same benefit of his redemption as if he had redeemed voluntarily and without having made the illegal agreement with the defendants. The act of redemption may be referred to and sustained by the right rather than the usurious agreement of the parties. In support of the equities of the plaintiff, the usurious agreement may be laid out of view as the moving cause of the redemption. Having at the time of the agreement the right of redemption and subrogation, the agreement of the parties must be construed and carried out with respect to that right. He was the potential owner in equity of the mortgage, in virtue of his right of redemption, and the contract was not different in substance nor its consummation by the satisfaction of the mortgage, different in effect from what it would have been had he been the holder and owner in fact. By paying the mortgage he became entitled to a cession of the debt and a subrogation and substitution to all the rights and action of the mortgagee, and the mortgage must be regarded as against the mortgagors as still subsisting and unextinguished. (St. Eq. Jur., §§ 635, 1227; *Pardee* v. *Van Auken,* 3 Barb., 534; *Averill* v. *Taylor,* 4 Seld., 44; *Ellsworth* v. *Lockwood,* 42 N. Y., 89; *Jenkins* v. *The Continental Insurance Co.,* 12 How. P. R., 67.)

The defendants have the full benefit of the laws against usury when they avoid, as they have done, the contract which was tainted with usury, and can neither in equity or good conscience, or by virtue of any provision of the statute, claim that the pre-existing obligations, free from the vice of usury, which they have not paid or in any way satisfied or discharged, should not be enforced against them. The judgment was right and is well sustained by the reasons assigned at Special Term, and must be affirmed.

All concur.

Judgment affirmed.