PASSUMPSIC SAVINGS-BANK *v.* WEEKS *and* WILLIAMS.

The defendant Williams held mortgages from B. and H., each of an undivided half of real estate, to secure the note of each. B. and H. by one deed conveyed the whole estate to M., who gave them a mortgage of the whole to secure his separate note to each for his share of the purchase-money unpaid. B. and H. each transferred by indorsement to Williams his note from M., and Williams in exchange gave up to them respectively their notes, and discharged the mortgages held by him against them. The plaintiffs hold the note transferred by B. to Williams, and the defendant Weeks the note transferred by H. to Williams. On a bill to equitably apply the proceeds of M.'s mortgage to Williams, the plaintiffs are entitled to priority in payment to the extent of one half the proceeds.

BILL IN EQUITY, for priority in the proceeds of a mortgage given to secure two notes, one held by the plaintiffs and one by the defendant. The facts are stated in the opinion.

*Ray, Drew & Jordan,* for the plaintiffs.

*W. & H. Heywood* and *Ladd & Fletcher,* for the defendants.

ALLEN, J. The plaintiffs have a note of $1,375 given by Morrill to Bullard, and by him transferred to the defendant Williams, from whom it passed through others to the plaintiffs. The defendant Weeks has a note of $2,600 given by Morrill to Hovey, and by him transferred to Williams, who has pledged it to Weeks as collateral security. Both notes are secured by the same mortgage from Morrill to Bullard and Hovey. The mortgage has been foreclosed, and the property, not being sufficient to pay both notes, is to be sold, and the proceeds applied according to the rights of the parties under the mortgage. The plaintiffs claim precedence to the extent of one half the property; Weeks claims a proportionate division of the proceeds between the notes.

Williams conveyed by one deed real estate to Bullard and Hovey, an undivided half to each, and took two mortgages, one from Bullard of his half to secure his two notes of $1,375 each, and one from Hovey of his half to secure his note of $2,600. Bullard and Hovey, by one deed, conveyed the whole property to Morrill, subject to " a mortgage to Williams for the purchase-money, which mortgage and the notes on which the same is based are to be given up by Williams for the purchase notes and other payments by Morrill." At the same time Morrill, by one deed, mortgaged the property to Bullard and Hovey to secure his three notes, one of $725 and one of $1,375, payable to Bullard or order, and one of $2,600, payable to Hovey or order. Bullard indorsed his two notes to Williams, and for these, and money paid by Morrill, Williams gave up to Bullard his two notes of $1,375 each, and discharged the mortgage. Morrill paid the $725 note, and Williams transferred the $1,375 note, which the plaintiffs now hold. Hovey indorsed. his Morrill note without recourse, and guaranteed it to the extent of $500, and for this and $100 paid as bonus, Williams gave up to Hovey his $2,600 note and discharged that mortgage.

The note of Morrill to Hovey is that which Weeks holds by pledge from Williams. Bullard and Hovey did not understand that anybody's rights were or would be affected by their giving a joint mortgage instead of each giving a separate mortgage. Williams understood that each note was secured on the whole property, without any priority or exclusiveness of security. Weeks took the note with the same understanding that Williams had. Bullard did not know of the limited liability of Hovey, nor of his payment of the bonus to Williams, until long afterwards.

The plaintiffs hold the note signed by Morrill free from equities between the original parties to it, and may rely upon Bullard as first indorser to satisfy it. The defendant Weeks holds the note indorsed by Williams as collateral security for his debt, and may look to Williams for its satisfaction. The question is between Bullard as plaintiff in interest, and Williams as defendant. A single mortgage secured separate notes payable one to Bullard and one to Hovey, and strictly at law, and without regard to other facts, it was an incumbrance on the whole land until the payment of each note, and the holder of each had an interest in the security *pro tanto.* *Furbush* v. *Goodwin,* 25 N. H. 425 ; *Page* v. *Pierce,* 26 N. H. 317 ; *Johnson* v. *Brown,* 31 N. H. 405. In mortgage securities, the rights of the parties are equitably considered, according to the circumstances of the case and the requirements of justice. Payment of the mortgage debt will operate as a discharge of the mortgage, or the mortgage will be upheld to protect intervening interests or the rights of a prior incumbrancer, according to the intent of the parties and as justice may require. *Robinson* v. *Leavitt,* 7 N. H. 100 ; *Rigney* v. *Lovejoy,* 13 N. H. 252 ; *Heath* v. *West,* 26 N. H. 201 ; *Bell* v. *Woodward,* 34 N. H. 96. Bullard was a second mortgagee,

and in paying the first mortgage for his own security he acquired the rights of the first mortgagee. *Page* v. *Foster*, 7 N. H. 392; *Weld* v. *Sabin*, 20 N. H. 533. Having paid his own mortgage to Williams on land which he had sold subject to it, and which the purchaser had agreed to pay as a part of the consideration, that mortgage became the principal security for the payment of the debt; and Bullard, to compel the appropriation of that security to the purpose intended, was entitled to be subrogated to it, and to be repaid out of the land what he had paid on the mortgage debt. *Stillman* v. *Stillman*, 21 N. J. Eq. 126; 1 Jones Mort. 879. His right to be subrogated to the position of the prior mortgagee was not defeated by his having taken a second mortgage as security for the payment of the first. *Patterson* v. *Birdsall*, 64 N. Y. 294.

The payment of his own debt by Bullard would, ordinarily, have been a discharge of his mortgage. In paying it he made use of a mortgage to himself on the same land; and if Morrill's note to him, secured by mortgage, did not pay his note to Williams, secured by his own mortgage on an undivided half of the same land, as was agreed by the parties, his own mortgage, though paid, would in equity be upheld as security for the payment of the other. The mortgage of Morrill to Bullard, jointly with Hovey, was a fund provided for the payment of his notes to Williams, and, in good faith, Bullard used it for that purpose. Neither justice nor the intention of the parties would prevail if the fund were not now applied to the extent it will go towards its original direction. Bullard and Hovey understanding that a single mortgage to them of the whole property was the same in effect as a mortgage of an undivided half to each, and Williams having notice of the interest of each one in the mortgage made by Morrill, the requirements of justice were met, and the intention of the parties carried out by subrogating Bullard to the rights of the mortgagee in the mortgage paid by him to secure the payment of Morrill's note to him. The plaintiffs are entitled to priority in the payment of their note from the proceeds of the mortgaged property to the extent of one half.

*Decree accordingly.*

DOE, C. J., did not sit: the others concurred.