[Sidener *v.* Pavey *et al.*

———◆◆◆———

8419.

SIDENER *v.* PAVEY ET AL.

| 77 | 241 |
| 130 | 293 |
| 77 | 241 |
| 139 | 346 |
| 77 | 241 |
| 143 | 97 |
| 77 | 241 |
| 147 | 423 |
| 77 | 241 |
| 150 | 477 |
| 150 | 478 |
| 150 | 496 |

MORTGAGE.—*Fraudulent Representations.—Judgment.—Incumbrances.—Payment.—Subrogation.*—Where a creditor, at the request of his debtor, and relying upon his representations, that there are no judgments against him or other prior liens against his real estate except a mortgage, pays it off and has satisfaction thereof entered and takes a new mortgage, and a judgment was in existence against the mortgagor, he is entitled to be subrogated to the security of the senior mortgage, and to have the entry of satisfaction cancelled and his lien declared to be superior to and older than the judgment lien so disclosed.

SAME.—*Voluntary Payment.*—In such case, the mortgagee is neither a meddler nor a volunteer, and his payment is not a voluntary payment.

SAME.—*Keeping Alive Incumbrance.*—A court of equity will keep an incumbrance alive to subserve the purposes of justice, and the actual and just intention of the party.

SAME.—*Substitution.—Intervening Lien.—Mistake.*—When a new mortgage is substituted in ignorance of an intervening lien, the mortgage released through mistake may be restored in equity, and given its original priority as a lien, where the rights of innocent third parties will not be affected.

SAME.—*Satisfaction of Mortgage not Payment.—Fraud.*—If a formal discharge of a mortgage has been obtained by fraudulent means, it is no payment and discharge of the mortgage, and a subsequent lien-holder, whose rights existed at the time of such discharge, can not object to the prior mortgagee being restored to his rights.

From the Decatur Circuit Court.

*F. T. Hord, J. D. Miller* and *F. E. Gavin,* for appellant.
*W. B. Wilson,* for appellees.

NEWCOMB, C.—The appellant filed in the court below a complaint in three paragraphs, against John J. Pavey and Nancy, his wife, W. Andrew Pavey, John E. Robbins and Nancy Robbins, his wife, and Nelson Mowry. Demurrers were sustained to the several paragraphs, and final judgment rendered thereon against the appellant. The following is a synopsis of the complaint:

The first paragraph avers, that John J. Pavey and Nancy Pavey, his wife, on the 18th of February, 1870, made and executed to Nelson Mowry a mortgage on the lands therein described, to secure the payment of a note made by John J. Pavey for $1,560, due six months after date, with interest, and reasonable attorney fees. Said mortgage was duly recorded; that the said Pavey was indebted to appellant in the sum of $650, which was due, and was largely indebted and embarrassed, and was unable to promptly meet his liabilities and pay said mortgage, and as he wanted time Pavey requested appellant to furnish and advance the money to meet the Mowry debt and mortgage, and offered and proposed to appellant to make and execute to appellant a mortgage on the lands embraced in the mortgage to Mowry, to secure any amount appellant might furnish and advance for Pavey to meet the Mowry mortgage, and the $650 due by Pavey to appellant. To induce appellant to furnish the money to him with which to satisfy the Mowry mortgage and to have the same satisfied, instead of appellant taking an assignment thereof, said Pavey falsely and fraudulently represented to appellant that there was no judgment against him, and no liens against said lands except said Mowry mortgage. Appellant, having no knowledge of the facts, and relying on said Pavey's representations and believing them to be true, accepted said Pavey's proposition; and the said Pavey on the

1st day of January, 1872, in pursuance of said arrangement, made and executed to the appellant a promissory note for $2,280.50, due in twelve months, for the sum of $1,703, the amount of the principal and interest due on the Mowry debt and mortgage, and the debt which was then due and owing to appellant; and said Pavey on said 1st day of January, 1872, signed and acknowledged a mortgage wherein he conveyed said lands to appellant to secure the payment of said promissory note so executed by him; and thereafter, on the 22d day of January, 1872, in pursuance of said agreement, his wife, Nancy Pavey, signed and acknowledged said mortgage, and said mortgage was duly delivered to him and duly recorded on the 23d of January, 1872.

After the execution of said note and the signing and acknowledgment of the said mortgage by said Pavey, the appellant, to wit, on the 4th day of January, 1872, furnished and provided for said Pavey said sum of $1,703, and the same, at the request of said Pavey, was paid by appellant to said Mowry, on said mortgage debt; and said Mowry, at appellant's request, entered on the mortgage record satisfaction of said mortgage. The appellant made said request, and satisfaction was entered by said Mowry, because the appellant then and there believed there were no liens on said property except said Mowry mortgage, and that said new mortgage would be the oldest and only lien thereon. Said Mowry was willing and offered to assign said note and mortgage to appellant, and appellant was induced to forego the assignment by the false and fraudulent representations aforesaid.

On said 1st day of January, 1872, there was a lien on said real estate attaching after said mortgage was made to said Mowry, as follows: John E. Robbins on the 21st of November, 1871, obtained a judgment in the Decatur Circuit Court against said John J. Pavey for $2,491.52, which was then and still is a lien on said real estate, and is older than

said mortgage made by Pavey and wife to appellant as afore-said ; that said Pavey, at the date of said mortgage, made by him to appellant, was and still is insolvent.

The second paragraph, in addition to the matters alleged in the first, states that it was appellant's intention to retain and keep alive for his own use and benefit all rights in law and equity in and to said mortgage, and to the premises therein described, which the said Mowry then had and held, and so informed said Pavey and said Mowry at the time ; that, after Mowry received the amount of his claim from appellant, he understood the wishes, object and purpose of appellant, and the agreement between appellant and Pavey, that appellant was to hold and be subrogated to all the rights and equities of said Mowry mortgage, and Pavey then falsely and fraudulently represented to appellant that there were no liens of any kind on said land except the Mowry mortgage, and that he was the owner of property, in value, largely above his indebtedness of every kind, and was fully able to meet and pay all of his debts, and appellant, relying thereon and believing all said representations to be true, and having no opportunity to examine the records in Decatur county, whereat Pavey resided, he allowed Mowry to enter satisfaction of his mortgage ; that said Pavey was in fact insolvent and is now insolvent. The Robbins judgment was rendered on the 21st of November, 1871, for $2,479.52 and $75 attorney fees, which was a valid lien on said property. It was rendered subsequent to the Mowry mortgage and before the mortgage made to appellant ; that thereafter John E. Robbins, with full knowledge of all the facts, became a purchaser at sheriff's sale of said property ; that W. Andrew Pavey is in possession of the premises under said Robbins, claiming some interest therein adverse to appellant, the particulars of which are unknown to him ; that he entered possession with full knowledge of all of said facts.

The third paragraph is similar to the second, with certain

charges of collusion between the sheriff and Robbins, at the sale on which the latter purchased the land in question, after public notice had been given to bidders of the appellant's rights.

Prayer that the entry of satisfaction made by said Mowry on said mortgage record be canceled, and said Mowry mortgage be kept alive, and that appellant be subrogated to the benefits of said mortgage to the extent of the said debt so paid by him, that his right be protected, and his lien declared to be superior and older than the judgment lien of said Robbins; that appellant have judgment for said amount so paid by him and attorney fees, and for the foreclosure of said mortgage and the sale of said property, and all proper relief.

Do the facts alleged entitle the appellant to relief? He was a creditor of Pavey and desirous to obtain security for the payment of the debt due by the latter. The debtor proposed to give him mortgage security in case he would advance the amount due on the Mowry mortgage, and grant an extension of the time of payment on both debts; and, to induce his creditors to do this, Pavey assured him that there was no lien on the land, other than the Mowry mortgage. On this assurance, Sidener accepted a new mortgage instead of taking an assignment of the old. It clearly appears from the allegations of the complaint, that the inducement to the appellant to furnish the money due on the Mowry mortgage was to thereby get security for his own debt, and that he would have taken an assignment of that mortgage had he not been misled by the false statement of Pavey, that there was no other lien on the land.

Robbins was a judgment creditor, having a lien junior to the mortgage of Mowry. If he can avail himself of the fraud charged to have been practiced by Pavey, he will be benefited to the value of the Mowry mortgage; while, by an enforcement of that mortgage in favor of the appellant, his rights will be the same that they would have been if the ap-

pellant had not paid the mortgage, or had taken an as-
signment of it.    Under these circumstances, we entertain no
doubt of the equitable right of the appellant to be subro-
gated to the rights that Mowry had in the mortgage that
was paid with the appellant's money.

A court of equity will keep an encumbrance alive, or con-
sider it extinguished, as will best subserve the purposes of
justice, and the actual and just intention of the party.   *Howe*
v. *Woodruff*, 12 Ind. 214 ; *Forbes* v. *Moffatt*, 18 Vesey, 384 ;
*Gardner* v. *Astor*, 3 Johns. Ch. 53 ; *Hatch* v. *Kimball*, 16
Me. 146 ; *Holden* v. *Pike*, 24 Me. 427 ;  *Clift* v. *White*, 2
Kernan, 519 ; *Cottrell's Appeal*, 23 Pa. St. 294 ; *Shaver*
v. *Williams*, 87 Ill. 469.

When a new mortgage is substituted in ignorance of an
intervening lien, the mortgage released through mistake may
be restored in equity, and given its original priority as a
lien, where the rights of innocent third parties will not be af-
fected.    Jones on Mortgages, sec. 971 ; *Bruse* v. *Nelson*, 35
Iowa, 157.

So, if a formal discharge of the mortgage has been ob-
tained by fraudulent means, this is no payment and dis-
charge of the mortgage.    In such case a subsequent lien-
holder, whose rights existed at the time of such discharge,
can not object to the prior mortgagee being restored to his
rights.    Jones on Mortgages, sec. 967, and cases there cited.

And in such cases of fraud or mistake, a third person who
pays the mortgage at the request of the debtor, and takes a
new mortgage for the same debt, will be subrogated to the
rights of the original mortgagee, as against intervening in-
cumbrances existing at the time of the cancellation of the
first mortgage.   Jones on Mortgages, secs. 876, 877, 878 ;
*Hyde* v. *Tanner*, 1 Barb. 75 ; *Mosier's Appeal*, 56 Pa. St.
76 ; *McCormick's Adm'r* v. *Irwin*, 35 Pa. St. 111 ; *Payne*
v. *Hathaway*, 3 Vt. 212 ; *Snelling* v. *McIntyre*, 6 Abbott's
New Cases, 469 ;  *Green* v. *Milbank*, 3 Abbott's New Cases,

138; *Gerwig* v. *Sitterly*, 56 N. Y. 214; *Patterson* v. *Birdsall*, 64 N. Y. 294; *Cole* v. *Malcolm*, 66 N. Y. 363; *Barnes* v. *Camack*, 1 Barb. 393; *Carter* v. *Taylor*, 3 Head (Tenn.) 30; *Matteson* v. *Thomas*, 41 Ill. 110; *Barnes* v. *Mott*, 64 N. Y. 397; *Haggerty* v. *McCanna*, 25 N. J. Eq. 48.

In *Green* v. *Milbank*, *supra*, it was decided that when a person advanced money to take up a mortgage, and the sum was paid on the understanding and belief, on his part, that the mortgage was the only lien on the land, the party so paying was entitled to be subrogated to the rights of the mortgagee, as against a subsequent judgment lien. And in *Barnes* v. *Mott*, *supra*, it was held that where the owner of premises conveyed to him subject to a mortgage, in ignorance of the lien of a judgment against a former owner, paid the mortgage and caused the same to be satisfied of record, he was entitled to have the mortgage reinstated as a lien paramount to the lien of the judgment.

In *Patterson* v. *Birdsall*, 64 N. Y. 294, the facts were these: The plaintiff and Hungerford held a judgment of foreclosure and sale which they had recovered in an action brought against the defendants, who were husband and wife, to foreclose a mortgage executed by them upon lands in which the husband had an estate as tenant by the curtesy, and the wife had the fee by reversion. The premises were subject to a prior mortgage, executed by defendants to Tompkins. The plaintiff and Hungerford being about to sell the premises under their judgment, and defendants having applied to them for further time, it was agreed that plaintiff and Hungerford should put up the property for sale under their judgment, bid it in, and convey it to defendant, Mrs. Birdsall; that they should also advance the money and pay off the Tompkins mortgage, and that the defendants should execute to the plaintiff and Hungerford a mortgage on the same premises to secure the amount of their judgment, the costs and expenses of the sale, the amount of Tompkins mortgage,

and $1,000 in addition.   This agreement was carried out.
The Tompkins mortgage was satisfied and delivered to the
plaintiff and Hungerford.   The latter assigned his interest
in the new mortgage to the plaintiff.   The new bond and
mortgage were declared void for usury, and the plaintiff
sought subrogation to the mortgage of Tompkins that had
so been discharged and satisfied, and the court sustained the
right of subrogation.

On the subject of subrogation, this court, by Downey, C.
J., in *Spray* v. *Rodman*, 43 Ind. 225, said : "The doctrine of
subrogation is probably derived from the civil law, and in a
case where it is properly applicable is eminently just and
proper.   In a general sense it is the act of putting, by a
transfer, a person in the place of another, or a thing in the
place of another thing.   It is the substitution of a new for
an old creditor, and the succession to his rights, *transfusio
unius creditoris in alium.*   In a more confined sense,   *   *
it is where a man pays a debt which could not properly be
called his own, but which nevertheless it was his interest to
pay, or which he might have been compelled to pay for an-
other, in which case the law subrogates him in all the rights
of the creditor."

And in *Muir* v. *Berkshire*, 52 Ind. 149, Biddle, C. J.,
in delivering the opinion of the court, said :   "Subrogation
generally takes place between co-creditors, where the junior
pays the debt due to the senior, to secure his own claim ;
or it arises from the transactions of principals and sureties,
and sometimes between co-sureties or co-guarantors.   It is
not allowed to voluntary purchasers or strangers, unless
there is some peculiar equitable relation in the transaction,
and never to mere meddlers.   But while this is the rule
generally, we think that a person who has paid a debt under
colorable obligation to do so, that he may protect his own
claim, should be subrogated to the rights of the creditor.   It
is also allowed 'for the benefit of the purchaser of an immova-

ble, who uses the price which he paid in paying the creditors to whom the inheritance was mortgaged.' '' For further rulings of this court on the doctrine of subrogation, see *Price* v. *Sanders*, 60 Ind. 310; *Hoffman* v. *Risk*, 58 Ind. 113; *Josselyn* v. *Edwards*, 57 Ind. 212; *Risk* v. *Hoffman*, 69 Ind. 137; *Smith* v. *Ostermeyer*, 68 Ind. 432; *Gerber* v. *Sharp*, 72 Ind. 553.

The appellant was not a meddler nor a volunteer in his payment of the Mowry mortgage. In *Payne* v. *Hathaway*, *supra*, it is said that "A payment of an incumbrance by a subsequent purchaser, is not a voluntary payment. Suppose then his title happens to fail, after paying off the incumbrance, either through some defect in his deed, or want of title in the grantor, does it then become a voluntary payment? A payment is in some measure voluntary, or not, according to the motive with which it is made. If the party supposes he is discharging a duty, or securing an interest, in making it, the payment can not be said to be voluntary."

It follows from the foregoing authorities, that the appellant is entitled to be subrogated to the security of the Mowry mortgage, and that the court below erred in sustaining the demurrers to the several paragraphs of his complaint, for which error the judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment below be, and it is hereby, in all things reversed, at the costs of the appellees, and that said cause be remanded to the Decatur Circuit Court, with instructions to overrule the demurrers to the several paragraphs of the complaint, and for further proceedings in accordance with said opinion.