No. 8478.

ROBBINS v. SUMMERS.

SUPREME COURT.— *Weight of Evidence.*—The Supreme Court will not weigh the testimony nor disturb a verdict or finding where there is any evidence legally tending to support it.

From the Whitley Circuit Court.

*W. Olds,* for appellant.

*T. R. Marshall* and *W. F. McNagny,* for appellee.

MORRIS, C.—The appellee sued the appellant for work and labor done and material furnished in making and putting up in the appellant's store four counters, and for making and putting up a case with some 153 drawers, for which he charged $358.51. The appellant answered in three paragraphs : 1st. General denial; 2d. Payment; 3d. Admitting the work and labor to have been performed and the materials furnished, as stated in the appellee's complaint, but alleging that the four counters, for which the appellee demands $290, were made pursuant to an agreement between the parties, whereby the appellee promised and agreed to make the counters for $20 each. The appellee replied to the second and third paragraphs of the answer by a general denial. The cause was submitted to a jury, who returned a verdict for the appellee. The appellant moved for a new trial, on the grounds that the verdict was contrary to and not supported by sufficient evidence, and because the damages were excessive. The court overruled the motion, and the appellant excepted.

The overruling of the motion for a new trial is assigned as error.

The appellee testified that the materials were furnished and the work done as stated in his complaint. He also testified to their value, and that no contract had been made between him and the appellant as to the counters. Afterward, he admitted that a contract upon the subject had been made, but he

further testified that it was afterwards so modified as to leave the price of the counters undetermined. The appellant testified to the contract as stated in the third paragraph of the answer—that the appellee was to make the counters for $20 each, and that the contract had not been changed. He also proved by several witnesses that the appellee had admitted the making of the contract as testified to by the appellant.

The contention between the parties is confined to the price allowed the appellee for the counters. The appellant's counsel says that the evidence is overwhelmingly against the verdict, that the verdict is the result of a mere whim of the jury, clearly wrong, and that this court should set it aside. All this may be true, but as the testimony of the appellee, if true, justified the verdict, we can not disturb it. As it was the duty of the jury to weigh the conflicting testimony fairly and impartially, with the view of reaching the truth, we must presume that they did so, giving credit to the witness whose manner and conduct upon the stand seemed most to entitle him to their confidence. And this presumption is greatly strengthened by the refusal of the judge who presided at the trial, and saw and heard the witnesses give their testimony, to disturb the verdict. It is fair to presume that he, with ample opportunity to form a correct judgment, would not allow a verdict to stand against what seemed to him to be the decided and overwhelming weight of the testimony. This court will not weigh the testimony nor disturb a verdict where there is any testimony legally tending to support it. *The Fort Wayne, etc., R. R. Co.* v. *Husselman,* 65 Ind. 73; *Butterfield* v. *Trittipo,* 67 Ind. 338. The judgment should be affirmed.

PER CURIAM.—It is ordered, on the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.