PHILIP R. UNDERHILL, Respondent, v. TIMOTHY S. CRENNAN and MARY J. CRENNAN, his Wife, Appellants, Impleaded, etc.

*Satisfaction of mortgage — when an action will lie to have it set aside and the mortgage re-established.*

The plaintiff who held two mortgages upon property of the defendant, one for $2,000 and one for $700, canceled and satisfied the same and included the amount due thereon in a new mortgage for $4,000. This new mortgage having been adjudged void for usury, in an action brought to foreclose it, in which an answer was interposed by the defendant setting up that defense, the plaintiff brought this action to have the certificates of the satisfaction of the two prior mortgages set aside and the mortgages declared valid and subsisting liens upon the land.

*Held,* that the action could be maintained.

APPEAL from a judgment, entered upon the trial of this action at a Special Term, ordering the cancellation on the record of certain certificates of satisfaction of two several mortgages of real estate, executed by the defendants, Crennan and wife, to the plaintiff, and adjudging the said mortgages to be good and valid liens to secure the sums named therein with interest, and ordering the defendants to deliver the said mortgages, and the bonds secured thereby, to the plaintiff or his attorney.

*Martin J. Keogh,* for the appellants.

*Francis Larkin,* for the respondent.

BARNARD, P. J. :

The plaintiff held two mortgages against the defendant Crennan, one for $2,000 and one of $700. These mortgages were canceled, and the amount due upon them entered into a new loan of $4,000. Usury was taken upon this loan of $4,000. The mortgage has been adjudged a nullity at the instance and upon the answer of the mortgagor. This action is brought to set aside the certificates of satisfaction of the two mortgages amounting to $2,700. It was admitted upon the trial that the two mortgages for which the said certificates of satisfaction were given went to make part of the consideration for the giving the $4,000 mortgage referred to in the

complaint. The judgment restored the mortgages canceled. It has been repeatedly held that a valid claim is not invalidated by being embraced in an usurious security. ( *Winsted Bank* v. *Webb*, 39 N. Y., 325 ; *Cook* v. *Barnes*, 36 id., 520 ; *Real Estate Trust Co.* v. *Keech*, 69 id., 248 ; *Crippen* v. *Heermance*, 9 Paige, 211.)

A mortgage security avoided for usury revives the good debt, and the satisfaction of the good debt will be set aside and the canceled mortgage enforced (*Gerwig* v. *Sitterly*, 56 N. Y., 214), and the canceled debt has been held to have passed with the assignment of the usurious mortgage which embraced it. If the case of *Lafarge* v. *Herter* (9 N. Y., 241) can be said to conflict with this principle, it conflicts with antecedent and subsequent cases. It does not, however, conflict with the principle on which this case rests. In that case the creditor held an usurious mortgage which embraced a good judgment. While he so held the mortgage he proceeded to enforce the judgment. The court held that he could not prove his own usury to avoid the satisfaction of a prior demand. In this case the usurious mortgage was canceled at the suit of the debtor ; and in such a case clearly the old debt may be enforced. (*Patterson* v. *Birdsall*, 64 N. Y., 294.)

Judgment affirmed, with costs.

GILBERT, J., concurred ; DYKMAN, J., not sitting.

Judgment affirmed, with costs.