No. 9382.

THE FIRST NATIONAL BANK OF LEBANON v. ESSEX ET AL.

PRACTICE.—*Appeal.—Parties.—Waiver.*—A submission of the cause by agreement, in the Supreme Court, waives all question as to the parties to the appeal.

SAME.—*Demurrer.*—A demurrer to an entire answer should be overruled if a single paragraph be good.

MORTGAGE.—*Intention to Keep Alive.—Fraudulent Conveyance.—Merger.*—Where a conveyance is made by a mortgagor to a mortgagee to defraud other creditors, which is set aside by decree at their instance, the mortgage is not lost; and when such conveyance is in terms subject to the mortgage, and there is proof of an actual intention to keep the mortgage alive, there is no merger by the conveyance.

From the Boone Circuit Court.

*J. W. Clements* and *O. P. Mahan,* for appellant.

*H. C. Wills,* for appellees.

BICKNELL, C. C.—The appellee moved to dismiss the appeal, because some of the parties to the judgment were not duly notified.

This motion was made on March 28th, 1882; the cause had been submitted by agreement on the 25th of May, 1881; such submission waived the objection of want of parties; the motion to dismiss the appeal is, therefore, overruled. *Easter* v. *Severin,* 78 Ind. 540.

The appellee Joshua R. Essex brought this suit to foreclose a mortgage of land, executed to him by the appellees William Essex and wife, to secure a note made by William Essex and payable one day after date to said Joshua.

The complaint was in the common form, making the appellant a party as a junior judgment creditor of William Essex, the mortgagor.

The appellant answered the complaint in two paragraphs:

1. A general denial of all the allegations of the complaint except the allegation that the appellant was a judgment creditor of William Essex.

2. That, after the execution of the mortgage, the mortgagors

conveyed the mortgaged premises, by warranty deed, to the mortgagee and his brother; that said conveyance was taken in full payment of the note and mortgage; that in September, 1876, the appellant recovered a judgment against William Essex; that at the September term, 1877, the appellant obtained a decree in the Boone Circuit Court, setting aside said conveyance as fraudulent, and declaring the mortgaged premises subject to the lien of appellant's judgment; that afterwards, upon an execution issued on said judgment, the mortgaged premises were sold by the sheriff to the appellant, who holds the sheriff's certificate of such sale. A copy of the said conveyance is annexed to and made part of this paragraph of the answer. It recites that its consideration is $3,500, and that it is subject to four mortgages, of which the mortgage now sued on is one. The sum due upon these mortgages is $3,700, exclusive of interest.

To the foregoing answer the appellee Joshua R. Essex filed the following demurrer:

The plaintiff demurs to the separate answer of the defendant, the First National Bank of Lebanon, Ind., for the reason that said answer does not contain facts sufficient to constitute a defence to the plaintiff's cause of action as set forth in the complaint herein.

This demurrer was overruled by the court, and the appellee assigns a cross error upon this ruling.

As the answer contained two paragraphs, one of which, the general denial, was good, and as the demurrer embraced the entire answer, there was no error in overruling it. *Webb* v. *Bowless*, 15 Ind. 242.

The appellee Joshua R. Essex then moved to strike out a part of the second paragraph of said answer; this motion was overruled, but no question arises thereupon. *Woollen* v. *Wishmier*, 70 Ind. 108.

The appellee Joshua Essex replied to said second paragraph by a general denial.

The appellees William Essex and wife were defaulted.

The issues were tried by the court, who found for the appellee John R. Essex, and that the appellant was a junior judgment creditor of William Essex, and judgment was rendered foreclosing the mortgage as against all the defendants.

The appellant filed a motion for a new trial, assigning as reasons therefor, that the finding and judgment of the court are not sustained by sufficient evidence, and are contrary to the evidence and contrary to law. This motion was overruled.

The appellant assigns as errors:

1. Overruling the motion for a new trial.

2. Rendering judgment on the finding.

The second of these assignments presents no question; no specific objection was made to the judgment, and there was no motion to correct or modify it. *Martin* v. *Martin,* 74 Ind. 207; *Roush* v. *Emerick,* 80 Ind. 551.

The first error assigned presents the question whether the mortgage held by John R. Essex was merged in the subsequent conveyance to him of the mortgaged premises by the mortgagors.

The answer alleged that the conveyance was accepted in payment and satisfaction of the mortgage, and that was denied by the reply. The general rule is that the union of the legal and equitable estates will merge the latter in the former, unless there be some beneficial purpose or declared intent to prevent a merger, and that a court of equity will keep an encumbrance alive, or consider it extinguished, as will best serve the purposes of justice and the actual and just intention of the party. *Atherton* v. *Toney,* 43 Ind. 211; *Sidener* v. *Pavey,* 77 Ind. 241; *Haggerty* v. *Byrne,* 75 Ind. 499.

In this case there was evidence tending to show that the conveyance was not received in satisfaction of the mortgage, and that the mortgage debt was never paid; the case, therefore, comes within the general rule of this court, that a verdict or finding will not be set aside where there is any testimony legally tending to support it. *Robbins* v. *Summers,* 80 Ind. 578.

The appellants claim that when a mortgagor conveys the mortgaged premises to the mortgagee, with intent to defraud his creditors, and the conveyance is set aside because of the fraud, the mortgagee ought to lose his mortgage; but the better opinion is that such a conveyance declared to be of no effect will not destroy the mortgage, and that, if the mortgage is in fact unpaid, it remains and may be enforced, the same as if the conveyance had never been made. When the mortgagee acquires the equity of redemption, in any way, the general rule is that he will be regarded as holding the legal and equitable titles separately, if his interest requires such severance, the law presuming his intention to be in accordance with his real interest. Jones on Mortgages, section 873. In the present case the mortgage remained of record uncancelled. The conveyance contained the statement that it was made subject to the mortgage. Jones on Mortgages, section 870. And there was testimony tending to show that it was not the mortgagee's design to merge his mortgage.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant.