GEORGE S. ALLISON, RESPONDENT, *v.* ROSA SCHMITZ AND OTHERS, APPELLANTS.

*Usury — when a valid mortgage is not affected by a subsequent usurious agreement, although it be held by the party guilty of the usury.*

The plaintiff made a usurious agreement with the defendant Schmitz, whereby he agreed to loan to the latter $3,000; $2,500 of which was to be used in paying off an existing mortgage, the balance to be paid in cash. The plaintiff paid the amount of the first mortgage to the holder and took an assignment thereof. He also took the new mortgage for $3,000, which was subsequently decided to be usurious and void.

In this action, brought to foreclose the $2,500 mortgage assigned to the plaintiff:
*Held,* that he acquired a perfect title thereto by the assignment and was entitled to foreclose it.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The action was brought to foreclose a mortgage.

*C. P. Hoffman,* for the appellants.

*Irving Brown,* for the respondent.

BARNARD, P. J. :

The plaintiff agreed to loan to the defendant Schmitz, $3,000. The loan was made to pay a mortgage existing upon the property of $2,500, and the remainder in cash. The agreement was usurious. The plaintiff paid the prior mortgage and took an assignment of it to himself. He also took a mortgage for $3,000, which sum included the old mortgage and the cash advanced. The $3,000 mortgage was decided void for usury. This action is brought to fore-

close this $2,500 mortgage. The mortgage in question was not, in fact, paid by the defendant. It was a valid claim against her and the plaintiff paid the amount of the same to the holder and took an assignment. The amount was paid from the amount of the loan agreed to be made by defendant. The creditor was changed but the debt remained.

Schmitz had paid nothing. If this payment had been included in usurious mortgage the debt paid could still have been received and collected. (*Patterson* v. *Birdsall*, 64 N. Y., 294.)

If the plaintiff had himself owned the first mortgage and had taken the $3,000 mortgage under similar circumstances he could have enforced the old mortgage which was free from usury. (*Gerwig* v. *Sitterly*, 56 N. Y., 214.)

The invalid mortgage cannot be used as a defense to a valid claim. (*Winsted Bank* v. *Webb*, 39 N. Y., 325.)

The plaintiff acquired a perfect title to the first mortgage by the assignment although the $3,000 mortgage was usurious, and although he had agreed to pay the first mortgage out of the second loan.

The judgment should be affirmed, with costs.

DYKMAN and PRATT, JJ., concurred.

Judgment affirmed, with costs.