SALVATORE DI GIOVANNI, Plaintiff, *v.* PASQUALE GILIBERTO and Others, Defendants.

Supreme Court, Kings County, January 20, 1931.

*William Herrmann*, for the plaintiff.

*Oscar L. Landman*, for the defendant Maria Ponziglione.

*George B. Davenport*, for the defendants New York Title and Mortgage Company, William L. O'Conor and Katherine D. O'Conor.

*J. Hunter Lack*, for the defendant John Schutte.

MAY, J.   This case was submitted to the court upon agreed facts. So far as they bear on the conclusion reached, such facts are as follows:

On December 15, 1924, the defendants Giliberto duly executed and delivered to Esther F. Asplund a bond and mortgage for $15,000. On the same day the bond and mortgage were duly assigned to Michael Thorpe.

On May 24, 1926, the defendants Giliberto executed and delivered to Benjamin I. Cantor a bond and mortgage for $3,500. This mortgage was assigned by Cantor to plaintiff on May 24, 1926, and is the mortgage being foreclosed in this action.

On January 27, 1927, the defendants Giliberto executed and delivered to the Title Guarantee and Trust Company a bond and mortgage for $12,500. On January 31, 1927, this bond and mortgage was duly assigned to Charles L. Wise.

At the time of the execution of the $12,500 mortgage to the Title Guarantee and Trust Company there was also delivered to said trust company an agreement duly executed by said Michael Thorpe, which subordinated the lien of the said $15,000 mortgage held by him to the lien of the above $12,500 mortgage. At the same time there was also delivered to the trust company an agreement duly executed by the plaintiff herein, which subordinated the lien of his $3,500 mortgage to the lien of the above $12,500 mortgage held by the trust company.

As a result of these two valid subordination agreements, the Wise mortgage became a first lien, the Thorpe mortgage became a second lien, and the plaintiff's mortgage became a third lien.

Default having been made in a payment due under the Wise mortgage, said Wise elected that the entire principal sum should become due and payable, and began an action of foreclosure of his mortgage on or about March 13, 1928. The defendants, among others, included the owners, Pasquale Giliberto and Caterina Giliberto, and the plaintiff herein, Salvatore Di Giovanni.

After the said foreclosure action had been commenced, the owner, Giliberto, applied to defendant New York Title and Mortgage Company for a loan of $15,000 to be secured by a first mortgage on said premises, which said sum, by agreement, was to be applied to the payment of the amount remaining due on the $12,500 mortgage then being foreclosed by said Wise, including all taxes, assessments, water rates, interest and penalties due and unpaid on said premises. At the same time, the owner, Giliberto, also applied to the defendant Maria Ponziglione for a loan of $12,000, which, by agreement, was to be secured by a second mortgage upon said premises. The defendant New York Title and Mortgage Company and Maria Ponziglione, respectively, agreed to make said loans.

Thereafter, and on June 25, 1928, pursuant to its agreement, the New York Title and Mortgage Company advanced to said defend-

ants Giliberto the sum of $15,000, and the defendant Ponziglione, pursuant to her agreement, delivered to her agent, the New York Title and Mortgage Company, the sum of $10,000, and to said Giliberto the remaining sum of $2,000, making the total sum of $12,000 so agreed to be loaned by her.

Thereupon, and on June 25, 1928, the defendants Giliberto executed to the New York Title and Mortgage Company a bond and mortgage for $15,000 due and payable on June 25, 1931, with interest at six per cent from date, to be paid on October 1, 1928, and semi-annually thereafter.

At the same time, June 25, 1928, the defendants Giliberto duly executed and delivered to defendant Ponziglione a bond and mortgage for $12,000, payable June 25, 1931, with interest at six per cent from date, to be paid on December 25, 1928, and semi-annually thereafter.

Contemporaneously with the execution and delivery of the said $15,000 mortgage to the New York Title and Mortgage Company, there was also delivered to said company an agreement, apparently executed and acknowledged by the plaintiff herein, which purported to subordinate his $3,500 mortgage to the said $15,000 mortgage, and at the same time there was also delivered to defendant Ponziglione another agreement apparently executed by the plaintiff Di Giovanni, which purported to subordinate his $3,500 mortgage to the lien of the above $12,000 mortgage held by said Ponziglione.

The New York Title and Mortgage Company and Ponziglione believed the said subordinate agreements to be genuine instruments, and, on the strength of such belief, and in reliance on the genuineness thereof, they advanced the said sums of $15,000 and $12,000, respectively, as aforesaid.

The entire sum of $15,000 so loaned by the New York Title and Mortgage Company was, in fact, used to pay the principal and interest of the said $12,500 mortgage held by Wise and then being foreclosed by him, including costs of foreclosure, taxes and assessments and other proper charges. Upon such payment being made the said Wise's bond and mortgage were delivered to the said New York Title and Mortgage Company, with a certificate of satisfaction, and the said mortgage was thereafter duly satisfied and discharged of record.

According to the stipulation of facts of the $12,000 so loaned by the defendant Ponziglione $9,657.54 thereof was actually utilized in paying the balance then due on the $15,000 mortgage then held by said Michael Thorpe, including interest, water rates, penalties and other proper charges, and $2,342.56 thereof was used in paying off liens subsequent to plaintiff's mortgage and for other purposes.

Thereupon the said Thorpe mortgage was duly satisfied and discharged of record.

Subsequent to the execution and delivery of the said $15,000 mortgage to the New York Title and Mortgage Company and the $12,000 mortgage to the defendant Ponziglione, it was discovered that the said two subordination agreements were not made, authorized or ratified by the plaintiff, Di Giovanni, but were forgeries.

The defendant New York Title and Mortgage Company has interposed an answer, containing a counterclaim, whereby it seeks to be subrogated to the rights of the defendant Wise under the said $12,500 mortgage held by him, and whereby it asks that the satisfaction of the said mortgage be canceled, and the said mortgage be revived as a lien, prior to the lien of plaintiff's mortgage, to the full extent of the $15,000 so advanced and used for the payment of the indebtedness secured thereby.

The defendant Maria Ponziglione also interposed an answer, containing a counterclaim, whereby she seeks to be similarly subrogated to the rights of said Michael Thorpe, under the said $15,000 mortgage held by him, to the extent of the sums so advanced by her, to the payment and discharge of the indebtedness secured by that mortgage, and that, to the extent of such advances, she be decreed to have a lien prior to the lien of plaintiff's mortgage.

The answer interposed by the defendants O'Conor need not now be considered, as the $15,000 bond and mortgage assigned to them by the New York Title and Mortgage Company has been reassigned to that company since the verification of their answer.

I am of the opinion that, upon the facts stated, the defendants New York Title and Mortgage Company and Maria Ponziglione are entitled to invoke the equitable doctrine of subrogation. This doctrine, in recent years, has been extended in its scope to a great variety of situations in order to work out complete justice among litigants. It is not necessary that a contract exist as foundation of the right, for the right is based upon considerations of " equity and benevolence," and the Court of Appeals has emphasized the rule that the application of the doctrine is not determined by the existence or absence of a contract, but is founded upon the facts of a particular case and upon principles of natural justice. (See *Pease* v. *Egan,* 131 N. Y. 262, 272; *Gans* v. *Thieme,* 93 id. 225, 232; *Pittsburgh-Westmoreland Coal Co.* v. *Kerr,* 220 id. 137, 143.)

Again, it has been said that the right is founded upon principles of equity and not in contract, and that it does not depend upon privity and is not confined to cases of " strict suretyship." (See *Catskill Nat. Bank* v. *Dumary,* 206 N. Y. 550, 559; *Ocean Accident &*

*Guarantee Corp.* v. *Hooker Electrochemical Co.*, 240 id. 37, 47; *Gerseta Corp.* v. *Equitable Trust Co. of New York*, 241 id. 418, 425 and 426.)

The equitable principle of subrogation, as stated in the foregoing authorities, seems to me to be applicable to the facts here disclosed. When the foreclosure of the Wise mortgage was begun, and the owners, Giliberto, applied to the New York Title and Mortgage Company for the loan of $15,000, it was the agreement and understanding that the proceeds of the loan were to be applied to the payment of the Wise mortgage, and that the security to be given the mortgage company should become a first lien in the place of that mortgage. A final satisfaction of the debt was not contemplated, but rather the substitution of a new loan, secured by a new first mortgage. That such was the intent is indicated by the facts admitted in the stipulation and by the further fact that, upon the completion of the loan and the application of the proceeds to the payment of the indebtedness secured by the Wise mortgage, the latter mortgage, together with the satisfaction piece, were delivered to the New York Title and Mortgage Company. The loan was made at the owner's request to protect his title against the pending foreclosure of the Wise mortgage, and, in advancing the money necessary to satisfy the indebtedness secured by that mortgage, the New York Title and Mortgage Company was not a volunteer. And, in the absence of an express agreement, equity, if necessary, would imply an agreement that the Wise mortgage should continue to exist and be enforcible for the protection of the New York Title and Mortgage Company.

Substantially the same considerations are applicable to the $12,000 loan made at the same time by the defendant Ponziglione. This loan was made with the understanding that the mortgage security therefor should be a second lien on the premises, and the proceeds of the loan were actually applied, so far as necessary, to the payment of the balance due upon the mortgage held by said Michael Thorpe. Here, too, the evident intent was that the new Ponziglione loan and mortgage should take the place of the indebtedness due Thorpe under the second mortgage security then held by him, and, as above stated, even in the absence of an express agreement to that effect, equity will imply an agreement by which the Thorpe mortgage shall be deemed to be alive and enforcible for the benefit of Ponziglione.

These loans of the New York Title and Mortgage Company and Ponziglione were made in reliance upon the validity of the two subordination agreements, which purported to subordinate plaintiff's mortgage to the New York Title and Mortgage Company and Ponziglione mortgages. But, as already stated, these subordination

agreements were forgeries. Had they been valid, the said mortgage securities, in order of priority, would have been as follows: The New York Title and Mortgage Company's mortgage for $15,000 would have been a first lien, the Ponziglione $12,000 mortgage a second lien, and plaintiff's $3,500 mortgage a third lien. But, as a result of the satisfaction of the Wise and Thorpe mortgages and the invalidity of the two subordination agreements, the plaintiff's mortgage stands as a first lien of record.

It does not appear who forged the subordination agreements, or who delivered them. Neither does it appear that plaintiff, either by negligence or otherwise, was concerned with the forgery; but this is immaterial, for, in any event, there is no legal or equitable principle which will permit plaintiff to utilize the forgery for the purpose of converting his third mortgage into a first mortgage lien. Instead of satisfying the Wise and Thorpe mortgages, the New York Title and Mortgage Company and Ponziglione were entitled to assignments of those mortgages; and, although those mortgages have in form been extinguished, equity will cancel the satisfaction thereof, revive the mortgages, and substitute the New York Title and Mortgage Company and Ponziglione to the benefits thereof. It will do this to the end that plaintiff may not acquire a priority and an inequitable advantage over those whose funds were used to pay off and discharge such prior incumbrances. The equitable principles here applicable are stated in *Clute* v. *Emmerich* (26 Hun, 10, 15; 99 N. Y. 342); *Emigrant Industrial Sav. Bank* v. *Clute* (33 Hun, 82); *Connecticut Mutual Life Ins. Co.* v. *Cornwell* (72 id. 199); *Gans* v. *Thieme* (*supra*); *Patterson* v. *Birdsall* (64 N. Y. 294, 299); *Title Guarantee & Trust Co.* v. *Haven* (196 id. 487).

The New York Title and Mortgage Company is entitled to a decree that its $15,000 mortgage is a valid lien; that it be subrogated to the rights of said Charles L. Wise under the said Wise mortgage; that the satisfaction of said mortgage be canceled, the lien thereof be revived and restored as a first lien; and that the New York Title and Mortgage Company is entitled to foreclosure and sale thereunder, and to be first paid out of the proceeds of said sale the amount of its said indebtedness, with interest. The defendant Ponziglione is entitled to a decree that the $12,000 mortgage is a valid lien, subject to the $15,000 mortgage of the New York Title and Mortgage Company; that she is entitled to be subrogated to the rights of said Michael Thorpe under the said Thorpe mortgage, to the extent that the funds advanced by her were actually used in the payment of the mortgage indebtedness secured by that mortgage, and that she be next paid out of the proceeds of sale the amount so advanced by her for that purpose, together with

interest. The plaintiff is entitled to judgment, that his $3,500 mortgage is a valid lien for that sum, with interest, and that he is entitled to the foreclosure of his said mortgage as a lien on the premises, subject to the liens of the mortgages to which the New York Title and Mortgage Company and Ponziglione are respectively entitled to be subrogated, as above stated, and is entitled to be paid out of the proceeds of sale, after said payments to the said New York Title and Mortgage Company and Ponziglione, as aforesaid, the amount of the indebtedness due him, with interest. Defendant Ponziglione is also entitled, after the payments as above stated, to the payment out of the proceeds of sale of that portion of the sum loaned by her which was not used in the payment of the said indebtedness secured by the Thorpe mortgage.

The form of the decree and the amount of the said respective liens, as included in the findings of fact to be made, should be agreed upon by counsel. If there be any difference of opinion as to these amounts, the findings and decree should be settled, upon notice.