Arthur S. Hirsch, J.
Plaintiff sues defendants on four *712 causes of action. The first two causes of action seek to recover moneys owed by defendants as . a result of the execution by defendants of certain promissory notes. Defendants interposed the defense of usury to the first two causes of action. The notes in question acknowledgedly bore rates of interest on their faces which were usurious. Plaintiff, however, counters that at no time did it intend to exact a usurious rate of interest from the defendants. The very fact that such rates were evident and open serves to defeat plaintiff’s contentions. As stated in the case of Condit v Baldwin (21 NY 219, 221): "When, indeed, the contract, upon its very face, imports usury, as by an express reservation of more than legal interest, there is no room for presumption, for the intent is apparent, res ipsa loquitur. ”
In view of the above, plaintiff must fail on its initial two causes of action. It therefore follows that defendants must prevail on their counterclaim for usurious interest paid. Leaving aside for the moment the underlying debt for goods sold and delivered, the fact is that the notes in question were clearly usurious and defendants are entitled to recoupment of the interest paid on said notes.
The court will deal with plaintiff’s third cause of action last since it is the court’s opinion that this is the only cause of action upon which plaintiff may recover. Turning for the moment to the fourth cause of action, plaintiff seeks to recover a certain sum under an "account stated” between plaintiff and the defendants. The testimony in regard to the question of whether defendants ever received and/or acknowledged any account stated is inconclusive to say the least. The court is of the opinion that the weight of the evidence on plaintiff’s side fails to sustain the burden of proving the fourth cause of action for the account stated.
This leaves plaintiff’s third cause of action remaining. The third cause of action is for the sum of money owed for goods sold and delivered to the defendants independently of the question of the promissory notes dealt with heretofore. Defendants contest this cause of action on two primary grounds:
By accepting the two sets of promissory notes executed by defendants, plaintiff relinquished the claim for goods sold and delivered and the only claim remaining was upon the promissory notes which claim in effect merged with the claim for goods sold and delivered. Since the promissory notes were *713 clearly usurious, plaintiff is therefore not entitled to recover anything.
This argument as to the merger of the promissory notes into the underlying transaction, carries little weight. It most certainly appears unreasonable for plaintiff to give up a valid cause of action for goods actually sold and delivered in return for the receipt of "paper” from the defendants. Rather, it is much more reasonable to consider that plaintiff accepted these promissory notes as security for the underlying debt on the goods and as a more expeditious means of collecting moneys which at all times continued to be owed to the plaintiff for the goods sold and delivered. Adopting this point of view, then, even if it is conceded that the notes taken as additional security were usurious, this does not prevent plaintiff from collecting the amount due on the goods sold and delivered. A case directly in point is the case of Patterson v Birdsall (64 NY 294, 297) where in a somewhat analogous situation the Court of Appeals stated: "A valid and subsisting debt is not destroyed because included in a security or made the subject of a contract void or invalid, either because violative of the statutes against usury, or for any other reason.” In the same case the Court of Appeals used further language particularly appropriate to a decision based upon the equities when it stated: "The defendants have the full benefit of the laws against usury when they void, as they have done, the contract which was tainted with usury, and can neither in equity or good conscience, or by virtue of any provision of the statute, claim that the pre-existing obligations, free from the vice of usury, which they have not paid or in any way satisfied or discharged, should not be enforced against them.”
Defendants present a second defense to plaintiff’s third cause of action — a defense which is based on a lack of proof on the part of the plaintiff. Specifically, defendants maintain that there has been a failure to prove an agreed price or reasonable value as to the goods sold and delivered by plaintiff to defendants. This second defense has no more validity than the first. In the stipulation entered into between the parties at the commencement of the trial of this action it was stated: "It is further stipulated that on and between August 22, 1972 and November 1, 1973, the plaintiff did sell and deliver certain goods and machinery as requested by the defendants of the plaintiff at the agreed price of $107,000.12. And that the defendant did pay to the plaintiff the sum of $52,900.42.” The *714 authenticity of this agreed stipulation is clearly buttressed by the fact that defendants did execute to the plaintiff two sets of promissory notes which equalled the approximate amount of the "agreed price” of the goods sold and delivered. Since there is no other consideration for the execution of these notes aside from their peripheral connection with the goods sold and delivered, their execution serves to further strengthen the proof as to the amount owing to the plaintiff.
Accordingly, causes of action 1, 2 and 4 of plaintiff’s complaint are dismissed. Plaintiff is granted judgment in the sum of $54,099.70 with interest. Defendants are awarded judgment on their counterclaim in the sum of $777.65. Neither party is to receive costs.