# WILLIAM RICHARDSON

*v.*

# ROBERT HOCKENHULL *et al.*

1. MERGER—*extinguishment of mortgage—rule in equity.* A court of equity will keep an incumbrance alive or consider it extinguished, as will best serve the purposes of justice and the actual and just intention of the parties. The intention is the controlling consideration, and to arrive at this the court will look into all the circumstances of the case.

2. If a mortgage is the eldest lien, and is for an amount equal to or exceeding the value of the mortgaged premises, and the mortgagee, to avoid the expense of foreclosure, takes a conveyance from the mortgagor, a court of equity will not permit the mortgaged premises to be swept away from him by a junior judgment creditor, without payment of the mortgage, under the pretense that its lien has been lost by merger, but will enjoin the sale at law, or restrict the judgment creditor's lien to the equity of redemption.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. DUMMER & BROWN, for the appellant.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

On the 16th day of July, 1873, Benjamin F. Bergen, being seized of two certain lots in Jacksonville, gave a mortgage on the property to William Richardson, to secure a note of $1000 and interest, due June 16, 1874. Subsequently Bergen sold the lots to Thomas O'Brien, subject to the mortgage, which O'Brien assumed and agreed to pay. On the 16th day of June, 1874, the defendants, Nichols & Brennan, recovered a judgment against O'Brien for $284.60, and on the 21st day of September, 1874, the defendants, Hockenhull, King & Elliott, recovered a judgment against O'Brien for the sum of $500. The original mortgage given by Bergen to Richardson, not having been paid, Richardson prepared the necessary papers to

foreclose the same, when, on the 24th day of October, 1874, an arrangement was made by which O'Brien conveyed by quit-claim deed the equity of redemption to Richardson, in satisfaction of the mortgage debt.  Bergen, at the same time, made a quitclaim deed to Richardson, and two days afterwards the $1000 note was surrendered and the mortgage released upon the record.

After the mortgage given to Richardson was canceled of record, executions were issued upon the two judgments and levied upon the property.  This bill was filed by Richardson to enjoin a sale of the property under the executions, and for the purpose of foreclosing the mortgage given by Bergen to him on the 16th day of July, 1873, but which he had canceled of record at the time O'Brien had conveyed the equity of redemption to him in October, 1874.  Upon the hearing, a decree was rendered dismissing the bill, to reverse which Richardson appealed.

It is urged by appellees, that when Richardson accepted a deed from O'Brien his mortgage became merged in the fee, and ceased to be a prior lien on the premises as against the two judgments; and this, as we understand the record, is the only important question presented.  It does not necessarily follow, that a merger exists where a greater and less estate are united in the same person.  As is said by Hilliard on Real Property, vol. 1, page 444, "A court of equity will keep an incumbrance alive or consider it extinguished, as will best serve the purposes of justice and the actual and just intention of the parties.  It will sometimes hold a charge extinguished where it would subsist at law; and sometimes preserve it when, at law, it would be merged."  The question is always one of intention.  The interest of the parties and intention are to be the controlling considerations.

In *Campbell* v. *Carter*, 14 Ill. 286, where a question of this character arose, it is said, "The intention is the controlling consideration where it has been made known, or can be inferred from the acts and conduct of the party; and the court will look into all the circumstances of the case to ascertain his real

intention. * * If no intention has been manifested equity will consider the incumbrance as subsisting or extinguished, as may be most conducive to the interests of the party." In *Edgerton* v. *Young*, 43 Ill. 464, the same doctrine was announced, and the court used the following language, which seems to be directly in point here: "If a mortgage is the eldest lien, and is for an amount exceeding the value of the premises, and the mortgagee, to avoid the expense of foreclosure, takes a conveyance from the mortgagor, a court of equity would not permit the mortgaged premises to be swept away from him by a junior judgment creditor, without payment of the mortgage, under the pretense that its lien had been lost by merger."

Applying these principles, a correct solution of the case would not seem to be difficult. Richardson's mortgage was the first lien, and the property was not worth a sum exceeding the amount of his note and mortgage. O'Brien held a bare equity of redemption, which he released by quitclaim deed without any consideration except the discharge of the mortgage indebtedness. The release was taken merely to save the trouble and expense of foreclosing the mortgage. Under such circumstances it is unreasonable to believe it was the intent of Richardson to give up his mortgage, which secured him in his debt, and leave the property free and clear to be taken on judgments which were a lien only on the equity of redemption of O'Brien.

The rights of Richardson, as well as the ends of justice, alike demand that the two estates should be kept alive, and where such is the case equity will so treat them. This we understand to be the recognized rule in all the cases where the question has arisen. The case of *Campbell* v. *Carter*, *supra*, cited and relied upon by appellees, where it was held a merger existed, is very different in its facts from the case before us. There, the debt and security were both canceled, and the release of the equity of redemption was not the only consideration received, — the mortgagee obtained the covenants of warranty of the mortgagor, and a relinquishment of a dower

interest in the property, which were regarded by the court as important facts in the decision of the case; while here, O'Brien merely conveyed his equity of redemption by quitclaim deed, in payment and satisfaction of the mortgage indebtedness. This case, in its facts, is similar to *Fitts et al.* v. *Davis et al.* 42 Ill. 391, in which it was held, that where the mortgagor conveyed to the mortgagee, in payment of the mortgage, a junior judgment creditor did not acquire a lien superior to the mortgage, but the lien attached only to the equity of redemption, which had been conveyed. So in this case, the lien of the judgments attached to the interest O'Brien had in the premises at the time the judgments were rendered, which was an equity of redemption. While the conveyance from O'Brien to Richardson did not destroy that lien, or prevent it from being sold, the judgment creditors, by virtue of the conveyance, acquired no rights superior to those they had before; and when they attempted to take the property in defiance of the rights of Richardson, he had an undoubted right to invoke the aid of a court of equity to foreclose his mortgage and enjoin the sale of the property.

The decree of the circuit court will, therefore, be reversed, and the cause remanded for further proceedings consistent with this opinion.

*Decree reversed.*