ABRAHAM SHAVER

v.

HENRY WILLIAMS.

87  469
80a 540₁
87  469
180  190
87  469
89a ¹168
87  469
98a ¹151
87  469
208  ¹244

1. MORTGAGE—*renewal, when does not lose its priority.* Where a party takes a new mortgage to secure the payment of the same debt secured by a prior one, and this fact is stated in the later mortgage, no new note being taken, and gives a release of the old mortgage, which is recorded on the same day with the new mortgage, and there is no substantial difference in the two mortgages, this will not give priority to a mortgage given to another and recorded after the first and before the last of said mortgages.

2. SAME—*foreclosure—as to homestead.* On foreclosure of a mortgage not releasing the homestead right, in which a subsequent mortgagee was made a party, in whose mortgage the homestead was waived and released, and where it appeared that a division could not be made setting off the homestead, it was *held* error to decree the payment of $1,000 to the mortgagor out of the proceeds of the sale of the premises. So much of that sum as was necessary should have been decreed to be paid in discharge of the second mortgage, without any cross-bill being filed for that purpose.

3. MERGER. Where a party acquires a deed of land upon which he holds a mortgage or other incumbrance, and the question arises whether the incumbrance is discharged by the conveyance, the intention of the party at the time the deed was obtained will, in equity, be considered as the controlling consideration.

APPEAL from the Circuit Court of Winnebago County; the Hon. WILLIAM BROWN, Judge, presiding.

Messrs. CRAWFORD & MARSHALL, for the appellant.

Messrs. COON & CURTIS, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity brought by Henry Williams to foreclose a mortgage executed by Charles F. Morgan and wife on certain premises in McHenry county, to secure an indebtedness of $3,700. The mortgagor and his wife, together with Charles F. Morgan and Abraham Shaver, who also held mortgages on the same premises, were made parties defendant to the bill. A decree of foreclosure was rendered in favor of complainant substantially as prayed for in

the bill, to reverse which Shaver alone appealed. It appears from the evidence that on March 17, 1868, Morgan borrowed of Williams $3,700, and gave his note for the amount due in ten years, with interest payable semiannually at ten per cent. And a mortgage was executed to secure the payment of the note, bearing the same date. A certificate of acknowledgment was attached to the mortgage, dated September 9, 1868, which was in the form required by the statute, but the name of the justice was not signed to the same. On September 9, 1868, the mortgage was recorded; subsequently, and on October 7, 1871, the mortgage was again recorded, the certificate of acknowledgment having been signed by "James B. Church, justice of the peace," and bearing date September 9, 1868. Prior to this, however, and on September 12, 1871, the appellant, Shaver, loaned C. F. Morgan $500, and took a mortgage on the same premises, executed by Morgan and his wife, with full waiver of the homestead, which was recorded September 14, 1871. On December 22, 1871, Morgan and wife gave Williams a new mortgage on the premises to secure his old debt, which was duly acknowledged and recorded December 26, 1871; a release duly executed by Williams of the prior mortgage was filed for record with the last mortgage.

It is contended by appellant that, although his mortgage was executed and recorded subsequent to the one first given appellee, yet the release by appellee of the prior mortgage, and accepting the mortgage bearing date subsequent to the one held by him, give his mortgage the prior lien, and this we understand to be the principal question presented by the record. The second mortgage contains the following clause: "This mortgage is made to secure the identical indebtedness mentioned in the certain mortgage upon the above described lands made by said party of the first part to said party of the second part, bearing date March 17, 1868, and recorded in the recorder's office of the recorder of said McHenry county, in book 30 of mortgages, on page 338." The truth of this statement is not controverted; no

new note was taken, but the mortgage was given to secure the payment of the original note executed when the loan was first made. Nor does it appear that any substantial difference exists between the two mortgages. The rights and powers conferred by the two are similar in their character. While the right of dower had not been waived by the wife of the mortgagor in the first mortgage at the time it was executed, this defect had been cured, as appears by the certificate of acknowledgment subsequently obtained. The only difference we perceive in the two mortgages is, the first one did not provide that the whole of the principal debt should become due on the failure to pay interest, while the latter contained that provision. Where a party acquires a deed of lands, upon which he holds an incumbrance by mortgage or otherwise, and the question arises whether the incumbrance is discharged by the conveyance, the intention of the party at the time the deed was obtained will, in a court of equity, be considered the controlling consideration. *Campbell* v. *Carter*, 14 Ill. 286 ; *Richardson* v. *Hockenhull*, 85 id. 124.

If that principle should be applied here, and we perceive no reason why it should not be, the facts surrounding the transaction all point to the conclusion that it was not the intention of the complainant to lose his original lien. The recitation in the mortgage that it was given to secure the identical indebtedness named in the other mortgage, the fact that the original note was not given up and a new one taken, in connection with the other fact that the release of the old mortgage and filing for record of the other one was done at the same time and as one transaction, all indicate that complainant had no intention whatever to give up his original lien on the mortgaged property. This case, in its facts, is similar to *Christie* v. *Hale*, 46 Ill. 117, and the rule there announced must control here. In that case Ball gave Hale a mortgage on real estate to secure certain indebtedness, which was, in form, a deed. Subsequently judgments were rendered against Ball. After the rendition of the judgments,

Hale conveyed the property to Ball, and at the same time took a new mortgage to secure the indebtedness, giving further time for payment. The party holding the judgments under these circumstances insisted that the judgments had priority over the second mortgage, but the court said : "In this case the delivery of the deed of conveyance to Ball and the mortgage back to Hale were simultaneous and instantaneous acts. There was no intention of the parties to change their relative rights, but simply to put the mortgage in legal form. And the acts being simultaneous, the title to the land and the rights under the mortgage vested at the same instant of time, and, according to what was said in *Curtis* v. *Root*, (20 Ill. 53), there was no period of time when the judgment lien could have attached as prior to that of the mortgage."

The same may be said of this transaction. The conveyance or release of all rights held by the complainant in and to the premises to the mortgagor, and the execution and delivery of the new mortgage, were simultaneous acts, and no intent was shown to change the relative rights of the parties by the change of the form of the security for the debt. It is a principle well established that equity always looks to the substance, and not to the form, of the transaction, to determine its validity. Under this rule no good reason can be shown why appellant should have priority. When he made the loan and accepted a mortgage, the record disclosed the fact that appellee had a prior lien. This record was constructive notice to him and all others of appellee's rights, and whatever interest he acquired in the premises was subordinate to that held by appellee. Appellant has in no manner been misled or deceived, and under such circumstances to give him priority of lien, from the fact alone that appellee canceled of record one mortgage, no portion of his debt having been paid, and at the same time accepted another mortgage, deriving no substantial advantage which he did not previously have, would be neither just nor equitable. The court was therefore correct in decreeing that appellee's lien was prior to that of appellant.

The record, however, discloses one serious error. The homestead was not waived in appellee's mortgage, but in the one held by appellant all homestead rights were waived. It was stipulated that the court should proceed in the same manner as if commissioners had reported that the premises could not be divided, and a homestead set off to Chas. F. Morgan, the stipulation to have the same effect as a report of commissioners that a homestead could not be set off. The court decreed a sale, and out of the proceeds, after payment of costs, directed $1,000 to be paid Chas. F. Morgan. This was no doubt correct, so far as the rights of appellee were concerned, as he acquired a lien subject to the homestead rights of the mortgagor; but as to appellant he occupied a different position, — Morgan and wife had waived the homestead in the mortgage given him. It is true, he did not file a cross-bill and ask to have his mortgage foreclosed, as he might have done, but this fact did not deprive him of his rights when the court proceeded to make a disposition of the proceeds of the sale of the mortgaged premises. Here was $1,000 to go to some person; it represented the homestead in the premises; appellee had no claim on that fund. Morgan, as against appellant, was not entitled to it, for the reason he had conveyed the homestead right to appellant. We are therefore of opinion that so much of this $1,000 as was necessary to pay appellant's mortgage should have been decreed to appellant. No cross-bill was required for this purpose. Morgan filed no cross-bill, and yet the money was decreed to him upon the same principle it might have been decreed to appellant, as the two stood upon the same footing. The decree of the circuit court will be so far modified as to require the $1,000 which represents the homestead to be brought into court by the commissioners after the sale, and so much of that sum as shall be necessary will be awarded appellant to pay his mortgage, and the residue thereof will be decreed to Morgan; in all other respects the decree will be affirmed. Other objections of a technical character have

been urged against the decree, but we perceive no substantial merit in them.

The decree will be modified as to the $1,000 derived from sale of homestead, and in all other respects affirmed.

*Decree modified.*

Mr. Justice Dickey : I concur in the conclusion reached in the opinion, and in the views on which the judgment is placed. I can not concur in what is said as to the priority of the liens. The first mortgage became, in my opinion, a nullity upon its discharge and the execution of a new mortgage to secure the same debt. By the new mortgage the mortgagee obtained the dower right of the wife of the mortgagor, and also additional rights in making the whole debt due upon failure of payment of any portion when due. On the principle of *Campbell* v. *Carter*, *supra*, the first mortgage was gone and the mortgage taken for the same debt came in subject to intervening liens. This question is not material to the result.

Mr. Justice Sheldon : I think that Williams, under his second mortgage, acquired additional substantial rights; wherefore, under the decision in *Campbell* v. *Carter*, the release of the first mortgage should be held operative.