# JAMES M. LOWMAN
## v.
## GEORGE A. LOWMAN ET AL.

1. MORTGAGE—MERGER.—If a mortgage is the eldest lien, and is for an amount exceeding the value of the premises, and the mortgagee. to avoid the expense of foreclosure, takes a conveyance from the mortgagor, a court of equity will not permit the mortgaged premises to be swept away from him by a junior judgment creditor without payment of the mortgage, under the pretense that its lien had been lost by merger.

2. PARTNERSHIP—PAYING INDIVIDUAL DEBTS WITH PARTNERSHIP ASSETS.—Creditors alone of an insolvent firm have a right to object to an arrangement whereby the notes and accounts of the firm are turned over in payment of a note and discharge of a mortgage held by one member of the firm against the other.

APPEAL from the Circuit Court of Stark county; the Hon. T. M. SHAW, Judge, presiding. Opinion filed June 8, 1886.

On the 26th day of July, 1872, William Lowman and George A. Lowman executed to Samuel Burge & Co. their promissory note for $5,000, payable two years after date with ten per cent. interest, and also a mortgage on a tract of land in Stark county owned by William Lowman and on the west half of lots two and three in block fourteen in the town of Toulon, owned by George A. Lowman, to secure the payment of said promissory note; and the mortgage was duly recorded on the same day. The wives of the mortgagors joined in the execution of the mortgage deed, and it contained full covenants of warranty, and waiver of dower and homestead rights. On the first day of the following April said George A. Lowman made and delivered to Branson Lowman a promissory note for $400 due three years after date, with interest at ten per cent., and also secured it by mortgage, in which his wife joined, on the west half of said two lots in the town of Toulon, which mortgage was also recorded. On the first day of August, 1874, Branson Lowman gave to Samuel Burge & Co. a promissory note for $400 due one year after date, with ten per cent. interest. On the tenth day of the following September said George A. Lowman and wife conveyed the said west half of lots two and three in block fourteen in the town of Toulon, by warranty deed, to Samuel Burge, for the expressed consideration of $2,000, and this deed was recorded on the 20th day of March, 1875. This $2,000 was indorsed as a payment on the $5,000 note of William and George A. Lowman; and Burge took possession of the premises and resided there until the fall of 1882; while so residing there he entered upon the margin of the record of the $5,000 mortgage the following: "We hereby release and forever discharge this mortgage, the note hereby secured having been fully paid and satisfied. Dated Feb'y 1, 1881. Samuel Burge & Co." He expended some $400 or $500 in making improvements on the premises; and on the 25th of September, 1882, sold them to Hopkins Shivvers for $1,500, and said Shivvers has been in possession and paid taxes since that date.

The evidence shows that although the $5,000 note and mortgage and the Branson Lowman note of $400 were made

Lowman v. Lowman.

to the firm of Samuel Burge & Co., yet that Samuel Burge, individually, is the real and equitable owner of the claims represented by them; and that he had no actual notice of the existence of the mortgage to Branson Lowman until after the sale to Shivvers, and that he then wrote to said Branson, who was at that time living in Nebraska, requesting him to release the $400 mortgage, and stating to him that he held a mortgage which was a prior lien and which he could foreclose if necessary. It also appears that at the time the $5,000 note was given both William and George A. Lowman were, and at all times since have been, insolvent; and that the property mortgaged was not then, and has never been since, and is not now, worth the face of the note; and that the note and mortgage have ever since their execution been retained by and are still in the possession of Burge.

In the winter of 1883–4, Branson Lowman assigned the $400 note and mortgage bearing date April 1, 1873, to his son, James M. Lowman, and the assignment of the mortgage was recorded on the 14th of August, 1884, and on the 18th of the same month said James M. Lowman, who is appellant herein, filed his bill in chancery to foreclose that mortgage. George A. Lowman, Mary E. Lowman, his wife, Hopkins Shivvers, and Samuel Burge, were defendants to the bill and filed answers, and it was stipulated that the answer of Burge should stand both as an answer and cross-bill, and that the party entitled to affirmative relief should have the same as effectually by decree as though he had filed a cross-bill, and that either party entitled to equity or relief should have the same as effectually as he would have had had all the rules of pleading been strictly adhered to.

The testimony of George A. Lowman was to the effect that he and Branson Lowman carried on business at Toulon for about two years as equal partners under the firm name of B. and G. A. Lowman, but being financially embarrassed, ceased to do business in 1870, and that some debts of the firm still remain unpaid. That a week or two before he made the deed to Burge he informed Branson Lowman that he intended doing so, and Branson said it was "all right," and that he

turned over to Branson the notes, accounts and books of the old firm under an agreement that he, Branson, would have the mortgage released. That he supposed satisfaction had been entered; had not seen the notes, books or accounts since, and could not state the amount of the notes and accounts, or how much had been collected on them by Branson; that since that Branson had always been hard up for money, but had never asked him to pay the note; and that Branson told him he had collected money on the notes and accounts turned over to him, and had applied some on liabilities of the firm and used some.

The testimony of appellant was to the effect he had been bookkeeper for the firm, and does not think the assets, including notes and accounts, equaled the liabilities; that when Branson Lowman moved to Nebraska in the spring of 1882 he left the remaining notes and accounts with him to collect for the firm, but that he could get nothing out of them. He also testified that after the assignment George A. Lowman admitted to him that the note and mortgage assigned were for an honest debt, and that not a cent of the principal or interest had ever been paid; but George A. Lowman positively denied making any of these statements.

It is deemed unnecessary to mention the other evidence in the case, otherwise than as it is briefly referred to in the opinion of the court.

The decree of the circuit court was against appellant.

Mr. M. SHALLENBERGER and Mr. B. F. THOMPSON, for appellant.

Mr. JAMES H. MILLER, for appellees; cited Olds v. Cummings, 31 Ill. 188; 4 Kent, 102, 12th Ed.; 1 Hilliard on Mortgages, 3d Ed. 531; Edgerton v. Young, 43 Ill. 464; Richardson v. Hockenhall, 85 Ill. 124.

BAKER, J. Three questions arising upon the record are submitted by the briefs and arguments of counsel for our decision.

One ground of defense made to the bill of appellant is that the note for $400 secured by the mortgage sought to be foreclosed by him was paid by George A. Lowman to Branson Lowman, and the mortgage satisfied before the assignment to appellant. The fact of the possession of the note and mortgage by appellant raises a presumption the note is unpaid and the mortgage not satisfied, but the force of this presumption is, perhaps, somewhat lessened by the fact that at the time of the transfer of the claim Branson Lowman did not have the mortgage in his possession, and said he did not know where it was, unless it was in the recorder's office.

The evidence upon the question of the settlement of the note and satisfaction of the mortgage is somewhat conflicting, and not entirely satisfactory; but when regarded in the light of the surrounding circumstances, we are unable to say it was insufficient to justify the finding of the circuit court in favor of appellees. It is urged by appellant that the firm was insolvent, and therefore the assets of the firm could not lawfully be applied to the payment of a private indebtedness between its members. But the creditors alone had a right to object to an arrangement whereby the notes and accounts of the firm were turned over in payment of the note and discharge of the mortgage held by one member of the firm against the other.

A second ground relied upon by appellees is that a court of equity will keep alive the prior mortgage for $5,000, notwithstanding the release entered upon the margin of the record, in order to protect the title of the first mortgagee under the deed he took from the mortgagor, as against the junior mortgagee. In Edgerton et al. v. Young et al., 43 Ill. 464, it was said: "If a mortgage is the eldest lien, and is for an amount exceeding the value of the premises, and the mortgagee, to avoid the expense of foreclosure, takes a conveyance from the mortgagor, a court of equity would not permit the mortgaged premises to be swept away from him by a junior judgment creditor without payment of the mortgage, under pretense that its lien had been lost by merger." Where a greater and a less estate meet in the same person, a merger

does not always follow; it will depend upon the intention and the interest of the parties. The case at bar is much like that of Richardson v. Hockenhall et al., 85 Ill. 124. In that case a quit claim deed was executed, while here, although a warranty deed was given, yet in that respect it gave to Burge no right he did not already have under his mortgage deed, which contained full covenants of warranty and waivers of the dower and homestead rights. On the other hand, it being a question of intention, the circumstances of this case are stronger in favor of appellees than were the facts of that case in favor of appellant, Richardson. In that case, two days after the execution of the deed, not only was the mortgage released upon the record, but the note it was given to secure was surrendered; while in this case the entry of satisfaction was not made until several years after the deed was delivered and possession taken, and both the note and mortgage were retained, and are yet held by Burge. The testimony of Burge and of George A. Lowman shows that the conveyance was made to save the costs of foreclosure, and because all the mortgaged property was not sufficient to pay the debt, and the mortgagors had no other property subject to execution. In Richardson v. Hockenhall it was held that, as there was a bare equity of redemption, which was released without any consideration except the discharge of the mortgage indebtedness, and the release was taken merely to save the trouble and expense of foreclosing, it would be unreasonable to believe, under the circumstances, it was the intention of Richardson to give up his mortgage, and leave the property free and clear to be taken on judgments, which were a lien only on the equity of redemption. The case was distinguished by the court from Campbell v. Carter, 14 Ill. 286, and the court said that in the latter case, "the equity of redemption was not the only consideration received; the mortgagee obtained the covenants of warranty of the mortgagor and a relinquishment of a dower interest in the property, which were regarded by the court as important facts in the decision of the case." In the case at issue, as we have seen, the mortgagee received no consideration, other than the release of the

equity of redemption, that he did not already have. Upon the authority of Richardson v. Hockenhall, we think the decree of the circuit court upon this point would be affirmed. Under the view we have taken of the rights of the parties, it is unnecessary to decide the third question suggested in the briefs of counsel, which involves the right of Burge to set off, in equity, the note of $400 given by Branson Lowman to Samuel Burge & Co. against the note and mortgage sought to be foreclosed.

The decree is affirmed.

Affirmed.