## F. M. Roberts, Adm., etc., v. John A. McNeal et al.

1. PRIORITIES—*Mortgage Lien—Taking a New Mortgage to Secure Payment of a Debt Secured by a Prior One.*—Where a party takes a new mortgage to secure the payment of the same debt secured by a prior one, and this fact is stated in the latter mortgage, no new note being taken, and gives a release of the old mortgage, there being no substantial difference in the two mortgages, it will not give a priority to a mortgage to a third person made and recorded after the first, but before the last of the said mortgages.

2. INCUMBRANCES—*Courts of Equity, Governed by Interest and Intention of Parties as to Priorities.*—A court of equity will keep an incumbrance alive or consider it extinguished, as will subserve the purpose of justice and the actual and just intention of the parties. It will sometimes hold a charge extinguished where it would subsist at law; and sometimes preserve it when, at law, it would be merged. The question is always one of interest and intention and the interest of the parties and intention are the two controlling considerations.

3. SAME—*Where No Intention Has Been Manifested.*—If no intention has been manifested by the parties, equity will consider the incumbrance as subsisting or extinguished as may be most conducive to the interests of the party.

Roberts v. McNeal.

**Bill to Foreclose Mortgage.**—Trial in the Circuit Court of Morgan County; the Hon. OWEN P. THOMPSON, Judge, presiding. Finding and decree for defendant; appeal by complainant. Heard in this court at the November term, 1898. Affirmed. Opinion filed February 7, 1899.

HENRY T. RAINEY, attorney for appellant, contended there was a complete novation where the owner of a mortgage debt enters satisfaction of the mortgage on the record, under an agreement with the mortgagor, to enable the latter to obtain money with which to make an investment on joint account, and the mortgagor fails to procure the money to make the investment as agreed, the entry of satisfaction will be good in favor of a party holding a subsequent mortgage, who took no part in procuring the entry of satisfaction, and the entry will not be set aside as to him. Seymour et al. v. Mackay et al., 126 Ill. 342; Dingman v. Randall, 13 Cal. 515; Stearns v. Godfrey, 16 Me. 158; Childs v. Stoddard, 130 Mass. 111 (1881).

The making of a new contract and the substitution thereof in the place and stead of the original contract before the breach of the latter, may operate as a discharge and extinguishment of the original contract, and so a novation of it. Am. and Eng. Ency. of Law, Vol. 16, p. 870.

" Prior contracts are merged in and superseded by a subsequent contract on the same subject, which, as the last act of the parties, must be held to contain and express their true meaning and intention." Stow v. Russell, 36 Ill. 18.

" A novation takes place when a note of a debtor is taken in payment of a pre-existing debt; here the original obligation is extinguished, and a new liability on the note substituted." Am. & Eng. Ency. of Law, Vol. 16, p. 873.

If money is borrowed on a mortgage for the purpose of paying off a former mortgage on the same lands, the fact that an intervening judgment lien was overlooked in examining the title will not enable the mortgagee to set up in equity the former mortgage after it has been duly discharged. Jones on Mortgages, Vol. 1, Sec. 971.

CHARLES A. BARNES and JOHN A. BELLATTI, attorneys for appellees.

Notwithstanding a release of record, a court of equity will keep an incumbrance alive or consider it extinguished, as will best serve the purposes of justice, and the actual and just intention of the parties. The intention is the controlling consideration, and to arrive at this the court will look into all the circumstances of the case. Richardson v. Hockenhull et al., 85 Ill. 124; 1 Hilliard on Real Property, 444; Flower et al. v. Ellwood et al., 66 Ill. 438; Meacham v. Steele, 93 Ill. 135; Lowman v. Lowman et al., 118 Ill. 582; Blatchford & Co. v. Blanchard et al., 160 Ill. 115.

MR. JUSTICE WRIGHT delivered the opinion of the court.

In April, 1882, William Riggall executed his note to Laura A. Doan for $1,700, for money borrowed, and gave to the latter a mortgage upon land described therein to secure such note. February 24, 1890, Riggall sold the mortgaged premises to John A. McNeal, and by an arrangement between Riggall, Doan and McNeal, the latter executed to Doan a mortgage for $1,700, due in five years from date, upon the same premises, in lieu of the mortgage given by Riggall, and at the same time McNeal executed a mortgage for $700 to Riggall, due one day after date, these respective sums being of the purchase price of the land sold by Riggall to McNeal. The mortgage from McNeal to Riggall for $700 contained this stipulation : "It is hereby agreed that this is a second mortgage and is subject and subordinate to a mortgage of same date for $1,700, executed by said John A. McNeal to Laura A. Doan, and the said William Riggall agrees that the said mortgage to Laura A. Doan is and shall be prior lien in every sense." Both mortgages were duly recorded. At the maturity of the Doan mortgage McNeal desired an extension at a lower rate of interest, which was granted, and a new mortgage for $1,700, at six per cent interest, was executed by McNeal to Doan upon the same premises, dated March 23, 1895, and recorded on March 26, 1895, and the mortgage of February 24, 1896, was released upon the margin of the record. Riggall having died, appellant was appointed his administrator. Laura

Roberts v. McNeal.

A. Doan also died, appellees, the Doans, being her executors. Appellant filed his bill in equity to foreclose the $700 mortgage, in which he made appellees parties defendant. The executors of Laura A. Doan answered the bill, and also filed cross-bill to foreclose the $1,700 mortgage, claiming a prior lien over the $700 mortgage given to Riggall. Answer was filed to the cross-bill, and, upon the hearing, the foregoing facts appearing, the court gave its decree foreclosing both mortgages, but awarding to the Doan executors a priority against the Riggall mortgage from which appellant prosecutes this appeal, insisting that it was error to give the Doan mortgage a priority.

The principal point made in the argument of counsel for appellant, as we understand him, is, that the mortgage of February 24, 1890, having been released upon the margin of the record, as provided by the statute, it from thenceforth ceased to be a lien, and thereafter had no force or effect whatever.

In view of the undisputed facts in this case it is not perceived that it is material to the rights and equities of the parties that the mortgage of February 24, 1890, to Doan for $1,700, was recorded and released upon the record thereof. It is a familiar principle that the debt is the principal thing. There can be no just claim that the debt represented by the Doan mortgage was ever paid, but merely renewed at a lower rate of interest. Riggall knew of the existence of this debt, and had by his own agreement made his mortgage second, and subordinated himself to it. This was done contemporaneously with the purchase from him of the land by McNeal, and as a part thereof, and by which Riggall was released from a similar obligation, this one of McNeal being substituted for it. When Riggall took the $700 mortgage it was, by his own agreement, incumbered by the Doan mortgage. Had the latter remained upon the land, he would continue to have a lien by his mortgage upon the equity of redemption only. He suffers no prejudice by the change in the security. Whittemore v. Shiell, 14 Ill. App. 418. We see no difference in principle between the case presented, than

that involved in the cases to which reference is made in the case just cited, which are Curtis v. Root, 20 Ill. 53; Christie v. Hale, 46 Ill. 121; I. C. R. R. Co. v. McCullough, 59 Ill. 166; Shaver v. Williams, 87 Ill. 469. The principle is the same. In the latter case it was held that where a party takes a new mortgage to secure the payment of the same debt secured by a prior one, and this fact is stated in the latter mortgage, no new note being taken, and gives a release of the old mortgage, and there is no substantial difference in the two mortgages, this will not give priority to a mortgage to another and recorded after the first and before the last of said mortgages. In the case presented it is difficult to see how it could be material that it was omitted to recite in the new mortgage the fact it was a renewal of the old, for the reason that it can not be disputed such was the fact, and the representatives of Riggall as well as himself, knew it, and it is likewise conclusive the new note was the same debt represented by the old one, with this difference— which can not be said to be substantial—that the interest in the new was six per cent instead of seven, contained in the old note. Over and beyond this, we think it is a sufficient answer to the objections to this position to say that Riggall had, in legal effect, agreed to subordinate himself, as regarded his mortgage, to the Doan debt of $1,700, now represented by the mortgage sought to be foreclosed by the cross-bill. It was the incumbrance of this particular debt, being a part of the purchase money of the land sold by him, that he had voluntarily consented might be paramount to his claim now sought to be made superior thereto.

In Richardson v. Hockenhull, 85 Ill. 124, citing Hilliard on Real Property, Vol. 1, page 444, it was said:

"A court of equity will keep an incumbrance alive or consider it extinguished, as will subserve the purpose of justice and the actual and just intention of the parties. It will sometimes hold a charge extinguished where it would subsist at law; and sometimes preserve it, when at law it would be merged. The question is always one of intention. The interest of the parties and intention are to be controlling considerations." ..

Again, citing Campbell v. Carter, 14 Ill. 286:

" The intention is the controlling consideration where it
has been made known, or can be inferred from the acts and
conduct of the party; and the court will look into all the
circumstances of the case to ascertain his real intention.
\* \* \* If no intention has been manifested equity will
consider the incumbrance as subsisting or extinguished as
may be most conducive to the interests of the party."

In the case presented, the Riggall mortgage was due one
day, and the Doan mortgage five years after the dates
thereof. The evidence tends to show that the agent of
Doan assumed, without sufficient examination, the Riggall
mortgage no longer existed, and consented to, and did
renew the Doan mortgage. This fact is only important as
affecting the question of intention, and it seems to us con-
clusive from this circumstance, the interest of the parties,
and all other evidence in the case, that at no time was it con-
templated, nor was it the intention of the parties, to relieve
Riggall from the effect of the stipulation contained in his
mortgage, or to give him priority over the Doan mortgage.
It follows, if we are right in the views herein expressed, the
decree of the Circuit Court should be affirmed.