## J. D. McChesney v. Otto Ernst.

1. MORTGAGES—*Priority of When Not Affected by Renewal.*—Where a party takes a new mortgage to secure the payment of notes already secured by a prior mortgage, and gives a release of the prior mortgage, which is recorded at the same time with the new mortgage, such action will not give priority to a mortgage given to another party on the same premises although recorded before the new mortgage.

2. LACHES—*By a cestui que trust.*—Where the person named in a trust deed is a brother and partner of the payee of the note secured by

McChesney v. Ernst.

such deed, a delay of four months by such payee after notice of a transaction by such trustee in the adjustment of matters in relation to the notes secured to repudiate the same, is conduct, under the circumstances of this case, inconsistent with a claim that such trustee acted without authority.

**Foreclosure of Trust Deed.**—Appeal from the Circuit Court of Du Page County; the Hon. GEORGE W. BROWN, Judge, presiding. Heard in this court at the October term, 1899. Reversed and remanded with directions. Opinion filed April 10, 1900.

L. C. COOPER, attorney for appellant.

LOESCH BROTHERS & HOWELL, attorneys for appellee.

MR. PRESIDING JUSTICE CRABTREE delivered the opinion of the court.

This was a bill in equity filed by appellee against appellant and others, for the purpose of foreclosing a mortgage or trust deed upon certain premises therein described, which mortgage or trust deed was executed by W. H. Ehlers and wife to Leo Ernst, as trustee, to secure the payment of a note for $1,000, dated May 1, 1891, at six per cent per annum.

The transactions out of which the controversy in this case arises, were substantially as follows:

On February 26, 1890, Frank Wardwell conveyed to William H. Ehlers that part of the premises in controversy known as the "front half," and on March 1, 1890, Ehlers executed a mortgage to J. D. and E. H. McChesney upon the same premises, to secure the payment of one promissory note for the sum of $600, bearing even date with the mortgage and due in three years after its date, with interest at seven per cent per annum. The mortgage recited that it was given for purchase money. The deed to Ehlers and the mortgage to McChesney were both recorded on March 3, 1890.

On October 22, 1890, William H. Ehlers purchased from James Saunders that part of the premises in question known as the "back half," and on the same date executed back to

Saunders a mortgage on the same premises, to secure the payment of a promissory note for $250, payable to Saunders three years after its date, with six per cent interest. This mortgage also recited that it was given for purchase money. Fredericka Ehlers, the wife of William H., did not join in either of the two last mentioned mortgages.

Saunders subsequently sold and assigned his mortgage to appellant, J. D. McChesney, who, on March 1, 1894, was the owner of both said mortgages last mentioned, having acquired the interest of his brother, E. H. McChesney, in the $600 mortgage, as well as the interest of Saunders in the one for $250. Both of said mortgages were past due and unpaid on said first day of March, 1894. On that date Ehlers and wife executed to J. D. McChesney a mortgage on both of said tracts of land, to secure the payment of one promissory note of even date therewith, executed by William H. Ehlers to said J. D. McChesney, for the sum of $800, payable three years after its date with interest at the rate of seven per cent per annum. Said last mentioned mortgage was filed for record on March 3, 1894, and on the same date releases were filed discharging the mortgages for $600 and $250, respectively, theretofore owned by said J. D. McChesney. There is no dispute that the mortgage for $800 was taken in lieu of the actual sum then due J. D. McChesney upon the six hundred dollar and two hundred and fifty dollar notes and mortgages theretofore held and owned by him.

Prior to July 1, 1897, Otto Ernst having become dissatisfied with his security for the one thousand dollar note and mortgage or trust deed held by him, after some negotiations with Ehlers, the latter conveyed to said Otto Ernst, by warranty deed, all the property in controversy, which deed, however, contained the following clause or condition :

" Subject to a mortgage of $800 now on the above described property, and dated March 1, 1894, which he (Otto Ernst) assumes and agrees to pay; also all taxes and assessments subsequent to the year 1896."

At the same time Leo Ernst, trustee and brother of Otto Ernst, surrendered to Ehlers the mortgage or trust deed

executed May 1, 1891, and also the note for $1,000 which it secured, upon which note was written the words: "This note is canceled by the giving of a warranty deed." The writing was done by Leo Ernst, the trustee.

On October 20, 1897, Charles F. Loesch, as attorney for Otto Ernst, served upon Ehlers a written notice signed by Otto, in which the latter claimed he did not authorize, and refused to ratify, the cancellation and delivery to Ehlers of the latter's note for $1,000 and the mortgage or trust deed securing the same, and repudiating the settlement. At the same time a deed from Otto Ernst and wife reconveying the premises was tendered Ehlers and demand made for a return of the note and trust deed. Subsequently Ehlers returned the trust deed but failed to return the note, which it seems had been lost. Appellee then filed the bill in this case to foreclose the said trust deed for $1,000, claiming a first lien on the premises. McChesney, the appellant, was made a defendant and answered the bill, setting up his alleged rights, and also filed a cross-bill claiming a first lien on the real estate in controversy for the payment of the amount due him upon his eight hundred dollar note and mortgage. The cause was referred to a master to take evidence and report his conclusions upon the facts and law of the case.

The master found in favor of appellant and recommended a decree giving him a first lien upon the premises, and that the lien of Otto Ernst was subject to the rights of appellant.

Otto Ernst filed exceptions to the master's report, and on a hearing in the Circuit Court the exceptions were sustained and a decree entered giving Otto Ernst a first lien on the premises for the payment of his one thousand dollar mortgage.

To reverse this decree appellant prosecutes his appeal to this court.

It is quite clear that when Otto Ernst loaned the $1,000 to Ehlers and took from the latter the note and mortgage sought to be foreclosed in this suit, the McChesney mortgages were a prior lien, and the Ernst mortgage was legally and equitably junior thereto. As to this, there can be no

dispute. And as we have already seen, there is no dispute that the mortgage for $800 now held by appellant was given in lieu of the mortgages for $600 and $250, respectively, held by him prior thereto, upon which there had been paid $50 on the principal. Appellee's security therefore was not rendered any the less valuable by the release of the prior mortgages and the taking a new one for the lesser amount.

If the new mortgage to appellant gave him any additional rights they were but trifling, and certainly not sufficient to warrant a holding that his rights under the old mortgages were lost because they were released simultaneously with the taking of a new mortgage for the same identical debt.

We think the case falls within the principles laid down by the Supreme Court in Shaver v. Williams, 87 Ill. 469.

We are therefore of the opinion that upon the facts appellee failed to show any superior equities to those of appellant, and the decree was for that reason erroneous.

We are further of the opinion that appellee was bound by the taking of the warranty deed from Ehlers, subject to appellant's mortgage. All the evidence considered, we think it does not appear that the transaction was unauthorized by appellee. It is not denied that negotiations looking to such a transaction were had between Otto Ernst and Ehlers several months before it was finally carried out by the execution of the deed and surrender of the note and mortgage. It is so testified to by Ehlers and we think no one disputes it. Leo Ernst, the trustee, was a brother of Otto, his partner in business, and their affairs seem to have been intimately connected with each other. The deed from Ehlers to appellant was dated July 1, 1897, and Leo Ernst testifies that before that date he had a conversation with appellee, in which it was stated that Ehlers was willing to deed the property. Shortly afterward, during the temporary absence of Otto from the city, Leo accepted from Ehlers a deed for the property, subject to the McChesney mortgage, and surrendered the note and mortgage for $1,000, as we have already stated. This transaction was communicated to Otto Ernst immediately upon his return, which was

within a week or so after the transfer took place   Appellee did not then repudiate the transaction nor claim it was not authorized.   So far as the evidence shows he waited nearly four months before he raised any objection, and asked Ehlers to return the trust deed and notes which had been surrendered to him.

Under the circumstances and in view of the conduct of the parties and the relations of Leo Ernst and appellant, we are disposed to hold that Otto Ernst was bound by the acts of the trustee, Leo Ernst.   His subsequent conduct was entirely inconsistent with the claim now made, that Leo Ernst acted without authority.

If we are correct in the conclusion that appellee authorized the deeding of the property to him by Ehlers and the surrender of the one thousand dollar note and mortgage, and that the same was a valid transaction as against appellee whereby appellant had obtained valuable rights, then under the principles laid down in the majority opinion in Bay v. Williams, 112 Ill. 91, after appellant's rights were fixed, it was not in the power of Ehlers to release them, and the mere deeding back the property to him by appellee and the return of the canceled note and trust deed would not have that effect.

In any view we have been able to take of the case, we are forced to the conclusion that the decree was erroneous and does injustice to the rights of appellant.   It will therefore be reversed and the cause remanded with directions to enter a decree in favor of appellant in accordance with the views herein expressed.

Decree reversed and cause remanded with directions.