**Edgar County Building and Loan Association, Appellant, v. Carl Calvin et al., Appellees.**

**Gen. No. 8,630.**

December term, 1931. Heard in this court at the Opinion filed October 17, 1932.

F. C. VAN SELLAR, for appellant; RILEY MCCLAIN, of counsel.

O'HAIR & MCCLAIN, for appellees.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

This is an appeal from the Edgar county circuit court tried below on a stipulation of facts.

Carl and Ella Mae Calvin, being the owners of lot number six in M. F. Collier's addition to the City of Paris, borrowed from the Edgar County Building & Loan Association $800, executing the usual writing obligatory, subject to the by-laws of the Association, and on the same date, April 3, 1924, executing a mortgage thereon to the Association, securing the debt, which mortgage was duly recorded. Subsequently, being indebted to F. T. O'Hair, trustee, on the 29th day of May, 1925, the Calvins executed and delivered to the trustee a note and trust deed on the same real estate, which trust deed was duly recorded.

On the 7th day of July, 1928, the Calvins, being in default on their obligation to the Association, in order to avoid the expense of foreclosure, executed and delivered to the Association a warranty deed to the premises, which was duly recorded, but the Association did not cancel their obligation nor release the mortgage. At this time the Calvins were insolvent and the premises were not worth the $800 still due on the obligation. The amount due the Association from the Calvins is $1,136.76 and the amount due the trustee is $334.46.

Appellant, claiming that the trust deed to appellee was a cloud on the title of appellant, filed its bill to foreclose under its mortgage. On the hearing the court found there was a merger of the mortgage in the

warranty deed and ordered the bill dismissed, from which order this appeal is taken.

The contention of the appellant is that the acceptance of the warranty deed, when the Calvins were insolvent and the property was not worth the mortgage indebtedness, for the sole purpose of avoiding the expense of foreclosure, retaining the evidence of the debt and not releasing the mortgage, did not result in a merger, and the wiping out of its mortgage; that it is apparent from all the facts there was no intention to let in a junior mortgagee or lienor; that to declare a merger in this case would be inequitable and unjust.

In an identical case, the court in the early case of *Campbell v. Carter,* 14 Ill. 286, 289, expressed its opinion as follows: " 'Upon this subject, a court of equity is not guided by the rules of law. It will sometimes hold a charge extinguished where it would subsist at law; and sometimes preserve it where at law it would be merged. The question is upon the intention, actual or presumed, of the person in whom the interests are united. In most instances, it is, with reference to the party himself, of no sort of use to have a charge on his own estate; and, where that is the case, it will be held to sink, unless something shall have been done by him to keep it on foot.' Again: 'Where no intention is expressed, or the party is incapable of expressing any, I apprehend the court considers what is most advantageous for him.' It is said by the Chancellor, in *Compton v. Oxenden,* 4 Brown's C. C. 397: 'Where there is a union of rights, neither of them can be executed at law; but this court will preserve them distinct, if the intention to do so is either expressed or implied.' Chancellor Kent remarks, in *James v. Johnson,* 5 Johns. C. R. 417: 'If a person takes the legal estate by mortgage, and then, by his own act, takes the equity of redemption, and vests it in himself, the estate is discharged from the incumbrance. It would be

a burden to no purpose. This is the good sense and reason of the thing. Where debtor and creditor become the same person, there can be no right put into execution; it must, of course, be extinguished. This is the general rule, both at law and in equity; and, in equity, the merger is prevented, and the distinction of the estates preserved, in special cases only. It is where the intention of the party is distinctly declared at the time, or where something just and beneficial requires the charge to be preserved, in a case in which the party has not declared, or cannot declare, his intention.' It is said, in *Hatch v. Kimball,* 16 Maine, 146: 'It is, in each case, a question of intention, whether or not there is an extinguishment of the charge upon the estate. If, at the time the mortgage is taken in, the intention to extinguish it appears, that is decisive. If it does not, equity presumes it to be outstanding, or extinguished, as the interests of the party may require.' The court say in *Gibson v. Crehore,* 3 Pick. 475: 'When the purchaser of a right to redeem takes an assignment, this shall, or shall not, operate as an extinguishment of the mortgage, according as the interests of the party taking the assignment may be, and according to the real intent of the parties.' The same doctrine is laid down in the cases of *Helmbold v. Man,* 4 Wharton, 410; *Moore v. Harrisburg Bank,* 8 Watts, 138; *Gardner v. Astor,* 3 Johns. C. R. 53; and *Starr v. Ellis,* 6 Johns. C. R. 393. Indeed, there seems to be no conflict of opinion upon the subject.''

In *Richardson v. Hockenhull,* 85 Ill. 124, the court held: ''A court of equity will keep an incumbrance alive or consider it extinguished, as will best serve the purposes of justice and the actual and just intention of the parties. The intention is the controlling consideration, and to arrive at this the court will look into all the circumstances of the case.

"If a mortgage is the eldest lien, and is for an amount equal to or exceeding the value of the mortgaged premises, and the mortgagee, to avoid the expense of foreclosure, takes a conveyance from the mortgagor, a court of equity will not permit the mortgaged premises to be swept away from him by a junior judgment creditor, without payment of the mortgage, under the pretense that its lien has been lost by merger, but will enjoin the sale at law, or restrict the judgment creditor's lien to the equity of redemption." And in a much later case, *Moffet v. Farwell,* 222 Ill. 543, 548, Mr. Justice Farmer stated the rule as laid down in the earlier cases:

"Three things are relied upon by plaintiff in error as establishing the intention of Charles B. Farwell, at the time of taking the deed, to be to relinquish all right and interest under the mortgage and rely solely upon the deed, namely: the acceptance of the special warranty deed; the cancellation and delivery to Crain of the note and mortgage, and the paragraph in the stipulation of facts that the deed was received in satisfaction of the indebtedness represented by the note and mortgage and in lieu of the mortgage security, and to avoid the expense and delay of foreclosure. We are of opinion the evidence in this record does not show Farwell's intention to have been to release all claim and right under the mortgage and rely solely upon the deed. There is nothing in the deed from Crain to him from which such intention is necessarily to be inferred, nor does the delivery to Crain of the canceled note and mortgage prove that such was his intention and purpose. This court held in *Richardson v. Hockenhull, supra,* that such an intention was not proven by the surrender of the note and the release of the mortgage upon the record by the mortgagee upon the receipt of a deed to the mortgaged premises."

From this rule the courts have not swerved. No expression of intention by appellant having been made on the acceptance of the deed, the mortgage and notes of appellant having been kept alive and it appearing manifestly unfair and inequitable to appellant to effect a merger in this case, the decree of the circuit court of Edgar county is reversed, and the said cause is remanded for further proceedings in accordance with the views expressed in this opinion.

*Reversed and remanded with directions.*