Leo Schultz, Appellant, v. Martin O. Johnson et al., Appellees. William O. Jackson, Counterclaimant.

Gen. No. 43,049.

224

Heard in the third division of this court for the first district at the April term,. 1944. Opinion filed May 18, 1945. Released for publication June 8, 1945.

JOHN O. WAGNER, of Chicago, for appellant.

KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, of Chicago, for appellee; EMIL F. MEIER, of Chicago, of counsel.

MR. JUSTICE LUPE delivered the opinion of the court.

Plaintiff's complaint sought to partition certain improved real estate and to remove the lien of a trust deed against the same.

The defendants, Martin O. Johnson and Jennie M. Johnson, his wife, on April 2, 1936, were indebted to the counterclaimant William O. Jackson, in the sum of $2,750, and gave their note for that amount. This was secured by the trust deed sought to be removed as a cloud on the property involved herein. At the time of the giving of the mortgage, Martin O. Johnson and his wife were joint owners of the real estate. On November 23, 1936, the Johnsons conveyed the property to the counterclaimant and the deed of conveyance was duly recorded.

Thereafter, on February 10, 1937, a petition in bankruptcy was filed against defendant Martin O. Johnson, in the United States district court for the northern district of Illinois and he was adjudged a bankrupt. Thereafter, on January 8, 1938, Arthur C. Wick was appointed trustee of the bankrupt's estate and effects.

On petition filed on behalf of the creditors, the district court found that the conveyance by Johnson and his wife to counterclaimant was made within four months preceding the date of the filing of the petition in bankruptcy, and that the same was made without consideration. On May 12, 1938, Jackson and his wife deeded the property back to Johnson and his wife, the deed being made subject to the lien of the trust deed involved herein. On May 21, 1938, Johnson deeded to Arthur C. Wick, trustee in bankruptcy, all his interest in the real estate in question. The deed to Wick as trustee was made subject to the trust deed. Thereafter, an order was entered in the district court directing the sale of the interest of Johnson in said property by the trustee in bankruptcy. Plaintiff purchased the same for the sum of $300 from the trustee in bankruptcy, who executed and delivered to plaintiff on September 22, 1938, his trustee's deed, wherein he quitclaimed his right, title and interest in the property in question, subject "to any and all mortgages, homestead, encumbrances, judgments, liens, taxes, and other charges that may constitute a lien upon said described real estate." Plaintiff thus became the owner of an undivided one half interest in said real estate.

Based on the title conveyed to him by this deed, plaintiff filed his partition proceeding and sought to remove the trust deed held by Jackson as a lien upon the real estate. Jackson filed his counterclaim to foreclose the trust deed. The cause was referred to a master in chancery, who found that the trust deed was a valid lien upon the premises, securing the principal sum of $2,750 and interest thereon. This finding was approved by the chancellor, who thereupon entered a decree for the foreclosure and sale of the premises involved for the amount of the indebtedness due to Jackson. Plaintiff appealed from this decree of foreclosure.

Plaintiff contends that because Jackson was a party to the fraudulent conveyance from Johnson and his wife, by which title was vested in Jackson, that Jackson's participation in Johnson's purpose of defrauding his creditors can be referred to the trust deed held by Jackson, so that the trust deed can be held fraudulent. It is the law that a conveyance made with intent to hinder and delay creditors, is void as against such creditors and, where the grantee participates or has knowledge of the fraudulent intention of the grantor, the conveyance may be set aside by the grantor's creditors, even though the grantee has paid a valuable consideration for the transfer. (*Garlick v. Imgruet,* 340 Ill. 136; *Svalina v. Saravana,* 341 Ill. 236; *Sherwin-Williams Co. v. Watson Industries, Inc.,* 361 Ill. 598.) It is plaintiff's contention that if a person has a valid incumbrance duly registered or recorded, and subsequently the holder of the incumbrance engages in a fraudulent agreement with the holder of the equity, by which the equity is transferred to the holder of the incumbrance, such holder of the incumbrance would thereby forfeit, and could be deprived by equitable proceedings of his prior lien upon the real estate. With this contention we cannot agree.

The conveyance of the equity is the transaction which is tainted with fraud and it is that transaction which can be set aside and held for naught, but the previous transaction by which the loan was made, and the note, and trust deed given to secure that loan, not being tainted with fraud, is valid, and the subsequent fraud cannot relate back to the prior bona fide transaction and taint that transaction with fraud. The two transactions in this case were separate and had no relation each to the other, and, therefore, the fraud in one cannot be extended to the other. In the case of *Pitzele v. Cohn,* 217 Ill. 30, a similar question was presented, and in deciding the case the court said (pp. 37–38):

"And if it were conceded that the original arrangement, whereby H. Cohn, through Charles A. Levy, obtained title to said real estate at said receiver's sale, was fraudulent, as an attempt to hinder and delay the other creditors of A. & N. Pitzele in the collection of their claims, we do not think the note and trust deed now sought to be foreclosed would be so tainted with fraud that in this suit the plaintiffs in error could set up such fraud and thereby defeat the foreclosure of said trust deed. The real estate covered by the trust deed was transferred by Levy to Rose and Hannah Pitzele, and the note and trust deed in question were executed by them and their husbands to H. Cohn to secure the payment of what is conceded to be a valid debt of A. & N. Pitzele to H. Cohn and his firm, unless such indebtedness had otherwise been paid, which we have held it had not. The consideration of said note and trust deed was therefore a valid debt of A. & N. Pitzele to H. Cohn and his firm, and was not affected by the fraud, if any, whereby H. Cohn obtained title, through Levy, to said premises at the receiver's sale, and the payment of said note and trust deed cannot be defeated by showing that H. Cohn was guilty of fraud in acquiring the title to said real estate, as the wrongdoing which will defeat a recovery on the ground that a litigant does not come into a court of equity with clean hands must be in regard to the matter in litigation, and does not apply to the misconduct of the complainant in other matters not immediately connected with the then pending litigation. In *Guilfoil v. Arthur,* 158 Ill. 600, it was held a new contract founded on a new consideration, although in relation to property respecting which there had been unlawful transactions between the parties, is not itself unlawful. And in *City of Chicago v. Union Stock Yards and Transit Co.,* 164 Ill. 224, it was said (p. 238) the maxim that a party must come into a court of equity with clean hands 'only

applies to the particular transaction under consideration, for a court will not go outside of the case for the purpose of examining the conduct of the complainant in other matters or questioning his general character for fair dealing. The wrong must have been done to the defendant himself and must have been in regard to the matter in litigation.' "

Plaintiff further contends that by the conveyance of the property from Johnson and his wife to Jackson, Jackson then being the holder of the trust deed, a merger was effected, so that the lien of the trust deed was merged in the title, and when Jackson subsequently conveyed the premises back to Johnson and his wife the lien of the trust deed had been extinguished.

In equity, merger is a matter of intention. (*Richardson v. Hockenhull,* 85 Ill. 124; *Jones v. Taylor,* 261 Ill. App. 403; *Edgar County Building & Loan Ass'n v. Calvin,* 268 Ill. App. 125.) On the question of whether Jackson intended to merge the lien of the trust deed in the fee, we find ample evidence that Jackson did not intend so to do. The record discloses that Jackson did not cancel the notes; the trust deed was never released; Johnson did not pay any rent to Jackson, and did not surrender possession of the premises to Jackson; that the deed of conveyance from Jackson to Johnson contained a provision that the conveyance was subject to the continuing lien of the trust deed; and Jackson, after the conveyance to him, demanded payment from Johnson of the moneys due on the note secured by the trust deed. We further find that the deed from Johnson to Wick, the trustee in bankruptcy, as well as the deed from Wick, as such trustee, to the plaintiff, were subject to the lien of the trust deed. There are other circumstances which tend to show that there was no intention on the part of Jackson that a merger should be effected, and there is no evidence in the record from which it can fairly be inferred that

Jackson ever had any intention that such a merger should become effective.

We are satisfied that the finding of the master, confirmed by the chancellor, that there was no merger, is sustained by the law and the evidence.

We are therefore of the opinion, for the reasons hereinabove given, that the decree of the circuit court of Cook county, sustaining the lien of the trust deed, and directing that the same be foreclosed, was correct and the decree is affirmed.

*Decree affirmed.*

BURKE, P. J., and KILEY, J., concur.